# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>      Debtor. | No. 19-34054-sgj11 |
| NEXPOINT ADVISORS, L.P.,<br><br>      Appellant,<br><br>v.<br><br>MARC S. KIRSCHNER,  TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>      Appellee. | Civ. Act. No. 3:22-cv-00335-L<br><br>*Appeal from the United States Bankruptcy Court for the Northern District of Texas* |

## APPELLANT'S BRIEF

Davor Rukavina
Tex. Bar No. 24030781
Julian P. Vasek
Tex. Bar No. 24070790
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7500
drukavina@munsch.com
jvasek@munsch.com

**COUNSEL FOR APPELLANT
NEXPOINT ADVISORS, L.P.**

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. Bankr. P. 8012 and Local Rule 8012.1, appellant NexPoint

Advisors, L.P. makes the following disclosures:

1. **Any parent corporation and any publicly held company that owns 10 percent or more of the party's stock.**

The owners of appellant NexPoint Advisors, L.P. are The Dugaboy

Investment Trust and NexPoint Advisors GP, LLC (owned by James Dondero).

2. **All persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent corporations, or other legal entities who or which are financially interested in the outcome of the appeal.**

    A. **<u>Appellant</u>:**

        NexPoint Advisors, L.P.

            <u>Counsel</u>:
            Davor Rukavina, Esq.
            Julian P. Vasek, Esq.
            MUNSCH HARDT KOPF & HARR P.C.
            500 N. Akard St., Ste. 3800
            Dallas, Texas  75201-6659

    B. **<u>Appellee</u>:**

        Marc S. Kirschner, as Litigation Trustee of the Litigation Sub-trust

            <u>Counsel</u>:
            Paige Holden Montgomery
            Juliana L. Hoffman
            SIDLEY AUSTIN LLP
            2021 McKinney Avenue, Suite 2000
            Dallas, Texas 75201

Susheel Kirpalani
Deborah J. Newman
Robert S. Loigman
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, Floor 22
New York, NY 10010

**C.**     **Debtor:**

Highland Capital Management, L.P.

Counsel:
Melissa Sue Hayward, Esq.
Zachery Z. Annable, Esq.
Hayward P.L.L.C.
10501 N. Central Expy. Ste. 106
Dallas, TX 75231

Jeffrey N. Pomerantz
John Morris
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067

**D.**     **Others:**

Creditors of the Debtor in the above-captioned bankruptcy case.

Other parties in interest in the above-captioned bankruptcy case.

/s/ *Julian P. Vasek*
Julian P. Vasek

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ........................................................i

TABLE OF AUTHORITIES ...........................................................................v

STATEMENT REGARDING ORAL ARGUMENT ...............................................1

JURISDICTIONAL STATEMENT ...................................................................2

STATEMENT OF THE ISSUES PRESENTED.....................................................3

STATEMENT OF THE CASE..........................................................................5

SUMMARY OF THE ARGUMENT ...................................................................8

ARGUMENT AND AUTHORITIES.................................................................10

    A.    The Local Rules are Subordinate to the Applicable
        Federal Rules of Bankruptcy and Civil Procedure.............................10

    B.    The Trustee Failed to Comply with Fed. R. Bankr. P. 3007...............11

        i.    The Trustee did not File and Serve a Notice of
            the Claim Objection. .................................................................11

        ii.    The Trustee did not Meet his Burden of Proof to
            Overcome the Claim's *Prima Facie* validity............................13

    C.    The Trustee and the Bankruptcy Court Failed to Comply with
        Fed. R. Civ. P. 55. ...................................................................15

        i.    The Trustee Never Sought Entry of a Default, so it was
            Improper to Enter the Default Judgment. ....................................15

        ii.    It Would Have Been Improper for the Clerk to Enter a
            Default, Even if the Litigation Trustee had Sought One. .........16

        iii.    The Bankruptcy Court Failed to Evaluate NexPoint's
            Alleged Default Under the Proper Standard .............................18

D.   To the Extent the Local Rules Govern, the Litigation Trustee and the Bankruptcy Court did not Comply with them Either. ............19

i.   Substantial Compliance with Applicable Rules Should Not Effect a Forfeiture.....................................................19

ii.   The Trustee did not Substantially Comply with the Local Rules. .............................................................................21

E.   There is No Basis in the Record to Conclude the Litigation Trustee Had Standing to Bring the Objection. ...................................23

CONCLUSION ........................................................................................25

CERTIFICATE OF COMPLIANCE ......................................................27

CERTIFICATE OF SERVICE ................................................................27

# TABLE OF AUTHORITIES

## Cases

*Am. Home Mortg. Servicing, Inc. v. Clark (In re Clark)*, C09-1373RAJ,
    2010 U.S. Dist. LEXIS 76123 (W.D. Wash. June 28, 2010) .................16, 17, 18

*Auto Owners Ins. Co. v. Edman*, 2:18-cv-372-FtM-99MRM,
    2018 U.S. Dist. LEXIS 237287 (M.D. Fla. Sept. 20, 2018)..............................17

*Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274
    (5th Cir. 1989)..................................................................................................10

*CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60 (5th Cir. 1992)..................4

*Crane v. Johnson*, 783 F.3d 244 (5th Cir. 2015) .................................................4, 23

*Gayle v. Thompson (In re Thompson)*, 11-5202, 2011 Bankr. LEXIS
    2734 (Bankr. N.D. Ga. June 29, 2011) ............................................................17

*Godarisingh v. Bittelman*, 12-cv-916-wmc, 2013 U.S. Dist. LEXIS
    177312 (W.D. Wisc. Dec. 18, 2013) .................................................................17

*HSBC Bank USA, N.A. v. Crum*, 907 F.3d 199 (5th Cir. 2018)........................4, 23

*In re Affiliated Foods, Inc.*, 2:21-MC-3-Z, 2021 U.S. Dist. LEXIS
    185044 (N.D. Tex. Sept. 28, 2021)..............................................................19, 20

*In re Brunson*, 486 B.R. 759 (Bankr. N.D. Tex. 2013) ....................................18, 19

*In re Bryant*, 600 B.R. 533 (Bankr. N.D. Tex. 2019) ........................................ 13-14

*In re Camp*, 170 B.R. 610 (Bankr. N.D. Ohio 1994)..............................................14

*In re Fidelity Holding Co., Ltd.*, 837 F.2d 696 (5th Cir. 1988)..............................14

*In re Mace*, 496 B.R. 252 (B.A.P. 6th Cir. 2013).....................................................2

*In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449 (3d Cir. 2000) ..............................11

*In re Reynolds*, 470 B.R. 138 (Bankr. D. Colo. 2012)............................................19

*In re Roberts*, 210 B.R. 325 (Bankr. N.D. Iowa 1997)............................................14

*In re  Simmons*, 765 F.2d 547 (5th Cir. 1985) ........................................................10

*In re Thomas*, 511 B.R. 89 (B.A.P. 6th Cir. 2014) ...................................................2

*Jenkens & Gilchrist a Prof'l Corp v. Groia & Co.*,
    542 F.3d 114 (5th Cir. 2008) ...............................................................13

*Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781 (8th Cir. 1998)....................19, 20

*Jones v. Kan. City S. Ry. Co.*, 1:10-CV-380, 2010 U.S. Dist. LEXIS
    141256 (E.D. Tex. Dec. 28, 2010).......................................................13

*Kowalski v. Tesmer*, 543 U.S. 125 (2004) ..............................................................24

*La. First Fin. Group, Inc. v. Al Copeland Enters. (In re Al Copeland
    Enters.)*, 97-50189, 1998 U.S. App. LEXIS 40043
    (5th Cir. June 9, 1998) ........................................................................14

*Lacy v. Sitel Corp.*, 227 F.3d 290 (2000)...............................................................3, 4

*Lasky v. Continental Prods. Corp.*, 804 F.2d 250 (3d Cir. 1986) ..........................10

*Lewis v. Lynn*, 236 F.3d 766 (5th Cir. 2001) .........................................................10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .............................................23

*Meriwether v. Coughlin*, 879 F.2d 1037 (2d Cir. 1989).........................................11

*Meyers v. Pfizer, Inc.*, 581 Fed. Appx. 708 (10th Cir. 2014) ....................15, 16, 18

*Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297
    (7th Cir. 1990)......................................................................................12

*Murphy v. Stacy*, 809 Fed. Appx. 677 (11th Cir. 2020) ...................................15, 16

*Nicolaus v. United States (In re Nicolaus)*, 963 F.3d 839
    (8th Cir. 2020)............................................................................. 10-11, 13

*Owens v. U.S. Bank N.A.*, 1:11-cv-1364-TCB, 2012 U.S. Dist. LEXIS
    202753 (N.D. Ga. Feb. 16, 2012) .......................................................17

*Publications, Inc. v. Doulos PM Training*, No. 3:07-cv-2139-O,
2010 U.S. Dist. LEXIS 18757 (N.D. Tex. Mar. 3, 2010) ...................................18

*Richmond Med. Ctr. for Women v. Herring*, 527 F.3d 128
(4th Cir. 2008) ........................................................................................................21

*Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020) .......................11

*Sample v. Morrison*, 406 F.3d 310 (5th Cir. 2005) ...................................................23

*Skeete v. EntertainmentStudios Home Entm't, Inc.*, 1:10-CV-2709-JEC,
2011 U.S. Dist. LEXIS 101962 (N.D. Ga. Sept. 8, 2011) .................................16

*VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247
(7th Cir. 2016) ........................................................................................................15

*Warth v. Seldin*, 422 U.S. 490 (1975) .....................................................................24

*Williams v. Smithson*, 95-7019, 1995 U.S. App. LEXIS 15168
(10th Cir. June 20, 1995) .............................................................................16, 20

## Statutes

28 U.S.C. § 157 ...........................................................................................................2

28 U.S.C. § 158 ...........................................................................................................2

28 U.S.C. § 1334 .........................................................................................................2

## Rules

Fed. R. Bankr. P. 3001 .............................................................................................14

Fed. R. Bankr. P. 3007 .......................................................................................*passim*

Fed. R. Bankr. P. 8002 ...............................................................................................2

Fed. R. Bankr. P. 8012 ................................................................................................i

Fed. R. Bankr. P. 9014 ...........................................................................................11

Fed. R. Bankr. P. 9029 ...........................................................................................11

Fed. R. Civ. P. 55 ...........................................................................................*passim*

Fed. R. Civ. P. 83 ...................................................................................................11

Fed. R. Evid. 901 ....................................................................................................14

Fed. R. Evid. 1101 ..................................................................................................14

Local District Rule 8012.1 ........................................................................................i

Local Bankruptcy Rule 7055-1 ................................................................................3

Local Bankruptcy Rule 9007-1 ....................................................................3, 21, 22

Local Bankruptcy Rule 9014-1 ..............................................................................22

## **Other authorities**

Fed. R. Bankr. P. 3007 Advisory Committee Notes.....................................8, 12, 13

## STATEMENT REGARDING ORAL ARGUMENT

Appellant NexPoint Advisors, L.P. does not believe oral argument will aid the Court in resolving this appeal. The Litigation Trustee emailed the Bankruptcy Court requesting the Bankruptcy Court deny NexPoint's formal, written request for a hearing, and the Bankruptcy Court acquiesced. It did so despite NexPoint filing a responsive pleading, and without abiding the applicable Federal Rules of Bankruptcy and Civil Procedure. The facts and the law leave no room for doubt: the Bankruptcy Court abused its discretion.

## JURISDICTIONAL STATEMENT

This appeal concerns the *Order Sustaining the Litigation Trustee's Objection to Proof of Claim Filed by Hunter Covitz (Claim No. 186)* (the "Default Order"), which the Bankruptcy Court entered on January 13, 2022.  ROA.4.[1]  Appellant NexPoint Advisors, L.P. ("NexPoint") timely filed a *Notice of Appeal* (ROA.1) on January 26, 2022.  *See* Fed. R. Bankr. P. 8002(a)(1) (fourteen-day deadline to file notice of appeal).

The Bankruptcy Court had subject matter jurisdiction to enter the Default Order under 28 U.S.C. §§ 157 and 1334.

An order resolving a claim objection in bankruptcy constitutes a final order for purposes of appeal.  *See In re Thomas*, 511 B.R. 89, 92 (B.A.P. 6th Cir. 2014) (quoting *In re Mace*, 496 B.R. 252 (B.A.P. 6th Cir. 2013), for the proposition that "A bankruptcy court's order overruling debtor's objection to claim is a final order for purposes of appeal.").  Thus, this is an appeal from a final judgment, order, or decree of the Bankruptcy Court, and the District Court has appellate jurisdiction under 28 U.S.C. § 158(a)(1).

---

[1]      "ROA" refers to the record on appeal, located at ECF No. 5.

## STATEMENT OF THE ISSUES PRESENTED

This appeal from the Default Order presents the following issues for the Court's consideration:

1. Did the Bankruptcy Court err by entering the Default Order without a hearing because:

    a. NexPoint had requested a hearing in writing;

    b. NexPoint had pled in response to or otherwise defended against the *Litigation Trustee's Objection to Proof of Claim Filed by Hunter Covitz (Claim No. 186)* (the "Objection") within the meaning of Fed. R. Civ. P. 55;

    c. Marc S. Kirschner, Litigation Trustee of the Litigation Sub-Trust (the "Litigation Trustee") did not comply with Local Bankruptcy Rule 9007-1; and/or

    d. The Bankruptcy Court and the Litigation Trustee did not comply with Fed. R. Civ. P. 55 and L.B.R. 7055-1.

2. Did the Bankruptcy Court err by sustaining the Objection and entering the Default Order without a hearing given the *prima facie* validity of a proof of claim?

3. Assuming the Local Bankruptcy Rules permitted the Bankruptcy Court to sustain the Objection and enter the Default Order without a hearing under the specific facts of this case, do such rules violate any right guaranteed by the United States Constitution or other applicable law?

4. Did the Bankruptcy Court otherwise err by sustaining the Objection and entering the Default Order?

5. Did the Litigation Trustee have standing to bring the Objection?

A decision to enter a default judgment is reviewed for abuse of discretion. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (2000). Factual determinations underlying a

default judgment are reviewed for clear error. *Id.* "'Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal.'" *Id.* (quoting *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 n.1 (5th Cir. 1992) (quotations omitted by Fifth Circuit)).

Questions regarding standing are reviewed *do novo*. *HSBC Bank USA, N.A. v. Crum*, 907 F.3d 199, 202 (5th Cir. 2018) (citing *Crane v. Johnson*, 783 F.3d 244, 250-51 (5th Cir. 2015)).

## STATEMENT OF THE CASE

On May 26, 2020, Hunter Covitz ("Covitz") filed proof of claim #186 (the "Claim") in the bankruptcy case of Highland Capital Management, L.P. (the "Debtor").  ROA.731.  The Claim seeks "$ not less than 250,000.00" based on various aspect of Covitz's employment by the Debtor, including rights to compensation and indemnification.  ROA.736, 738-42.

On February 22, 2021, the Bankruptcy Court entered its *Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (II) Granting Related Relief* (ROA.499, the "Confirmation Order"), pursuant to which it confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* (ROA.590, the "Plan").  Under the Plan, Marc Kirschner serves as the "Litigation Trustee", and James Seery serves as the "Claimant Trustee."  ROA.532.

On November 9, 2021, the Litigation Trustee filed the *Litigation Trustee's Objection to Proof of Claim Filed by Hunter Covitz (Claim No. 186)* (ROA.660, the "Objection").  According to the Objection, the Litigation Trustee has standing under the "the Plan, the Claimant Trust Agreement, the Litigation Sub-Trust Agreement, and the Assignment Agreement—executed between the Highland Claimant Trust and the Litigation Sub-Trust and effective as of August 11, 2021 …."  ROA.663.

But the record does not include these documents, other than the Plan, which does not by itself give the Litigation Trustee standing.

The Plan empowers the Claimant Trustee, but not the Litigation Trustee, to object to disputed claims. ROA.638 (B. Disputed Claims). The Litigation Trustee, on the other hand, "shall be responsible for investigating, litigating, and settling the Estate Claims for the benefit of the Claimant Trust in accordance with the terms and conditions set forth in the Litigation Sub-Trust Agreement." ROA.606.

Under the Local Rules, "objections to claims do not require a written response unless the party filing the objection has used the negative notice procedure set forth in Local Bankruptcy Rule 9007-1." L.B.R. 9014-1(f). As discussed in more detail below, the Litigation Trustee failed to include negative notice language in the Objection that complied with L.B.R. 9007-1 and failed to comply with other applicable rules in multiple material respects.

Nevertheless, out of an abundance of caution, NexPoint filed *NexPoint Advisors, L.P.'s Response to Litigation Trustee's Objection to Proof of Claim Filed by Hunter Covitz (Claim No. 186)* (the "Response") on January 3, 2022, initiating its desire to resolve the Objection on the merits and requesting a hearing. ROA.720. At the same time, NexPoint also filed a *Transfer of Claim Other Than For Security*, showing Covitz had transferred the Claim to NexPoint. ROA.719.

In order to demonstrate its eagerness to resolve the Objection promptly on the merits, NexPoint served *NexPoint's Interrogatories and Requests for Production to the Litigation Trustee* two days later on January 5, 2022.  ROA.747-56.  NexPoint self-evidently tailored these narrow requests to avoid the need for time consuming objections and motions to quash and compel.  *See id.*

On January 7, 2022, the Litigation Trustee filed *The Litigation Trustee's Reply to NexPoint Advisors, L.P.'s Response to Litigation Trustee's Objection to Proof of Claim Filed by Hunter Covitz (Claim No. 186)* (the "Reply").  ROA.723.  Rather than addressing the merits, the Reply made (unfortunately) typical *ad hominem* attacks against NexPoint and its ultimate owner, Mr. Dondero.  ROA.724-25.  The Court should expect more of the same in the Litigation Trustee's appeal brief.

In spite of the fact there existed complete pleadings on which to proceed, the Litigation Trustee's counsel *emailed the Bankruptcy Court* asking "that Judge Jernigan enter the proposed order attached to the Reply *without a hearing*."  ROA.743 (emphasis added).  And despite NexPoint's protest and offer to submit briefing, ROA.744, the Bankruptcy Court acceded the Litigation Trustee's request less than twenty-four hours later.  ROA.745.  The Default Order disallowoing the Claim followed.  ROA.4.

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court abused its discretion by entering the Default Order for numerous reasons, each of which independently provides grounds for reversal. Many of these reasons stem from the fact that the Bankruptcy Court only considered the Local Rules, even though the applicable Federal Rules unquestionably enjoy primacy. Local Rules cannot contradict the Federal Rules, and the Court should disregard them to the extent they do.

First, the Litigation Trustee failed to comply with Fed. R. Bankr. P. 3007, which required him to file and serve a notice of the objection that substantially complied with the official form, in addition to the objection itself. This the Litigation Trustee failed to do completely.

Second, the Litigation Trustee failed to meet his burden to overcome the Claim's *prima facie* validity. He offered no admissible evidence to support the Objection. The Rule 3007 Advisory Committee notes make clear an objector must still meet his burden even when the Bankruptcy Court declines to hold a hearing.

Third, Fed. R. Civ. P. 55 applies to contested matters such as this one, but the Litigation Trustee and the Bankruptcy Court wholly disregarded this rule: (1) the Litigation Trustee never asked the Clerk to enter a default; (2) even if he had, NexPoint's Response barred the Clerk from acquiescing; and (3) even if it did not, the Bankruptcy Court failed to consider the appropriate factors.

Fourth, to the extent the Local Rules control, the Litigation Trustee did not comply with them either.  The Bankruptcy Court erroneously found "substantial compliance" because the Litigation Trustee violated the rules in numerous ways: (1) he used lower-case text rather than all caps; (2) he failed to include mandatory language; (3) he failed to include a certificate of conference; (4) he failed to file a certificate of no objection; and (5), contrary to local practice, he concealed the negative notice language at the end of the Objection rather than including it at the beginning.

Finally, there is no basis in the record to conclude the Litigation Trustee, as opposed to the Claimant Trustee, had standing to lodge the Objection.  The Bankruptcy Court had an independent duty to evaluate standing as part of subject matter jurisdiction, but the Litigation Trustee provided no evidence upon which the Bankruptcy Court could have assumed his standing.  Under the Plan, the Claimant Trustee, not the Litigation Trustee, has standing to bring claim objections.

For these reasons, the Court should reverse the Default Order and remand the case for appropriate proceedings.

## ARGUMENT AND AUTHORITIES

In evaluating whether to affirm or reverse the Default Order, the Court should allow the following policy to guide its decision-making: "'default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'"  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

### A.    THE LOCAL RULES ARE SUBORDINATE TO THE APPLICABLE FEDERAL RULES OF BANKRUPTCY AND CIVIL PROCEDURE.

The Bankruptcy Court entered the Default Order based on the Litigation Trustee's alleged substantial compliance with the Local Rules.  ROA.745.  But the Local Rules do not govern exclusively.  "The primacy of the Federal Rules of Civil Procedure with regard to the procedural aspects of litigation in federal courts is well-settled."  *Lasky v. Continental Prods. Corp.*, 804 F.2d 250, 255 (3d Cir. 1986) (holding that "reasonable time" standard in rule 60(b)(6) governed over 90-day limitation in local rule).

Objecting to a proof of claim initiates a "contested matter."  *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985).  "Contested matters, which otherwise could have been 'stand-alone lawsuits but for the bankrupt status of the debtor,' are 'discrete disputes' that are part of the 'overarching bankruptcy case.'"  *Nicolaus v. United*

*States (In re Nicolaus)*, 963 F.3d 839, 842 (8th Cir. 2020) (quoting *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020)).

Various Federal Rules of Civil Procedure, including rule 55, apply in contested matters.  Fed. R. Bankr. P. 9014(c); *In re Brunson*, 486 B.R. 759, 768 (Bankr. N.D. Tex. 2013) (holding rule 55 applies to claim objections).  And to the extent the Local Rules are inconsistent with the Federal Rules, the Local Rules are void.  *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 459 (3d Cir. 2000) ("the Local Rule is inconsistent with the Federal Rule and hence is void"); *Meriwether v. Coughlin*, 879 F.2d 1037, 1042 (2d Cir. 1989) ("Local Rule 3 cannot, of course, be construed to contradict the federal rule."); Fed. R. Bankr. P. 9029 (authorizing local rules "which are consistent with" the federal rules); Fed. R. Civ. P. 83 (similar).

Bare compliance with the Local Rules, therefore, cannot end the analysis.  The question remains whether the Litigation Trustee's and the Bankruptcy Court's actions leading up to the Default Order complied with the applicable Federal Rules, such as Fed. R. Bankr. P. 3007 and Fed. R. Civ. P. 55.

## B.   THE TRUSTEE FAILED TO COMPLY WITH FED. R. BANKR. P. 3007.

### i.   The Trustee did not File and Serve a Notice of the Claim Objection.

Under the Federal Rules of Bankruptcy Procedure, "An objection to the allowance of a claim *and a notice of objection that substantially conforms to the appropriate Official Form* shall be filed and served at least 30 days before any

scheduled hearing on the objection or any deadline for the claimant to request a hearing." Fed. R. Bankr. P. 3007(a)(1) (emphasis added).[2] But the Litigation Trustee did not file or serve a sperate notice, whether in substantial compliance with the official form or otherwise.

As far as NexPoint can ascertain, the consequence for failure to comply with rule 3007's separate notice requirement constitutes an issue of first impression. The Advisory Committee's notes suggest the Supreme Court intended to amplify the notice a claimant receives in exchange for eliminating the requirement to always conduct a hearing:

> As amended, subdivision (a) no longer requires that a hearing be scheduled or held on every objection. The rule requires the objecting party to provide notice and an opportunity for a hearing on the objection, but, by deleting from the subdivision references to "the hearing," it permits local practices that require a claimant to timely request a hearing or file a response in order to obtain a hearing. *The official notice form served with a copy of the objection will inform the claimant of any actions it must take.*

Fed. R. Bankr. P. 3007 Advisory Committee Notes (emphasis added). Based on this commentary, the separate notice appears to serve the same purpose as a standalone summons under Fed. R. Civ. P. 4.

But neither actual notice nor substantial compliance satisfies rule 4. *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301-02 (7th Cir. 1990). "The

---

[2]    The official form is available at https://www.uscourts.gov/forms/bankruptcy-forms/notice-objection-claim-0.

failure to serve summons with a copy of the complaint constitutes insufficient service of process." *Jones v. Kan. City S. Ry. Co.*, 1:10-CV-380, 2010 U.S. Dist. LEXIS 141256, *4 (E.D. Tex. Dec. 28, 2010) (citing *Jenkens & Gilchrist a Prof'l Corp v. Groia & Co.*, 542 F.3d 114 (5th Cir. 2008)). The Court should likewise require strict compliance here, particularly in light of the fact that this contested matter would have been a standalone, six-figure lawsuit outside of bankruptcy. *See In re Nicolaus*, 963 F.3d at 842 (describing the nature of a contested matter); ROA.732 (proof of claim for "not less than $250,000.00"). Accordingly, the Court should reverse the Default Order for insufficient service of process and remand for further proceedings.

### ii.    The Trustee did not Meet his Burden of Proof to Overcome the Claim's *Prima Facie* validity.

The Advisory Committee notes to rule 3007 also provide, "while a local rule may require the claimant to respond to the objection to a proof of claim, the court will still need to determine if the claim is valid, even if the claimant does not file a response to a claim objection or request a hearing." Fed. R. Bankr. P. 3007 Advisory Committee Notes. This requirement echoes the need for a plaintiff seeking default under Fed. R. Civ. P. 55 to prove his case in a default judgment hearing. *See* Fed. R. Civ. P. 55(b)(2).

"A proof of claim filed in accordance with Bankruptcy Rule 3001 is 'prima facie evidence of the validity and amount of the claim.'" *In re Bryant*, 600 B.R. 533,

535 (Bankr. N.D. Tex. 2019) (quoting Fed. R. Bankr. P. 3001(f)).  "This prima facie validity may be rebutted by the objecting party producing evidence 'of a probative force equal to that of the creditor's proof of claim.'"  *Id.* at 536-37 (quoting *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988)).  Such evidence must be admissible.  *See In re Camp*, 170 B.R. 610, 612-13 (Bankr. N.D. Ohio 1994) ("the Debtors have not provided sufficient admissible evidence to rebut the prima facie validity"); *In re Roberts*, 210 B.R. 325, 331 (Bankr. N.D. Iowa 1997) (debtor failed to rebut prima facie validity by failing to offer admissible evidence); Fed. R. Evid. 1101(a) (providing that the Federal Rules of Evidence "apply to proceedings before … United States bankruptcy and magistrate judges").

According to the Fifth Circuit, "[o]ne objecting to a claim has the burden of presenting *a substantial factual basis* to overcome the prima facie validity of the proof of claim."  *La. First Fin. Group, Inc. v. Al Copeland Enters. (In re Al Copeland Enters.)*, 97-50189, 1998 U.S. App. LEXIS 40043, *4-5 (5th Cir. June 9, 1998) (emphasis added).  But the only evidence the Litigation Trustee attached to the Objection are four purported contracts, which he made no attempt to authenticate.  ROA.675-718; *see* Fed. R. Evid. 901.  He did not, for example, attach an affidavit or declaration.  On its face, one of the contracts appears not to have any connection whatsoever to the Claim, as it post-dates the events in question.  *Compare* ROA.663

(noting that Covitz was terminated in March 2021) *with* ROA.706 (partnership agreement dated August 11, 2021).

Under the circumstances, the Litigation Trustee has failed to produce substantial evidence sufficient to rebut the Claim's prima facie validity.  Nor did the Bankruptcy Court make any findings or conclusions suggesting the Litigation Trustee had done so.  ROA.4-5 (Default Order devoid of findings or conclusions on the merits).  The Bankruptcy Court therefore abused its discretion by sustaining the Objection and entering the Default Order.

**C.**   **THE TRUSTEE AND THE BANKRUPTCY COURT FAILED TO COMPLY WITH FED. R. CIV. P. 55.**

**i.**   **The Trustee Never Sought Entry of a Default, so it was Improper to Enter the Default Judgment.**

"Entry of a default judgment involves a two-step process."  *Meyers v. Pfizer, Inc.*, 581 Fed. Appx. 708, 710 (10th Cir. 2014) (citing Fed. R. Civ. P. 55(a)-(b)); *Murphy v. Stacy*, 809 Fed. Appx. 677, 680-81 (11th Cir. 2020) ("The Federal Rules of Civil Procedure set forth a two-step process for a plaintiff to obtain a default judgment."); *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (observing that there are two stages in a default proceeding).

"The first step involves the court clerk's decision whether to enter a default."  *Meyers*, 581 Fed. Appx. at 710 (citing Fed. R. Civ. P. 55(a)); *Murphy*, 809 Fed. Appx. at 680-81 ("First, the plaintiff must apply to the clerk for entry of default.").

Until the Clerk enters a default, the Court cannot enter a default judgment.  *See Meyers*, 581 Fed. Appx. at 711 ("The entry of a default was necessary for the court to grant a default judgment.").  "Second, after receiving the clerk's entry of default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or incompetent person, then the plaintiff must apply for the court to enter a default judgment." *Murphy*, 809 Fed. Appx. at 680-81.

Here, neither the Litigation Trustee nor the Bankruptcy Court followed this procedure.  Because the Litigation Trustee and the Bankruptcy Court completely skirted these obligations, the Court should reverse the Default Order.  *See Williams v. Smithson*, 95-7019, 1995 U.S. App. LEXIS 15168, *4 (10th Cir. June 20, 1995) (affirming denial of default judgment "because Plaintiff failed to comply with the mandatory requirements to obtain default judgment under Rule 55").

### ii.   **It Would Have Been Improper for the Clerk to Enter a Default, Even if the Litigation Trustee had Sought One.**

NexPoint filed its Response on January 3, 2022.  ROA.720-22.  At that point, the Litigation Trustee had not taken any action to seek a default.  Under rule 55, even a late answer precludes the Clerk from entering a default.  *See Am. Home Mortg. Servicing, Inc. v. Clark (In re Clark)*, C09-1373RAJ, 2010 U.S. Dist. LEXIS 76123, *6-8 (W.D. Wash. June 28, 2010) (holding that late answer precluded entry of default); *Skeete v. EntertainmentStudios Home Entm't, Inc.*, 1:10-CV-2709-JEC, 2011 U.S. Dist. LEXIS 101962, *22 (N.D. Ga. Sept. 8, 2011) ("each defendant has

filed a responsive pleading to plaintiff's complaint.  As such, any entry of default by the Clerk … would be void"); *Godarisingh v. Bittelman*, 12-cv-916-wmc, 2013 U.S. Dist. LEXIS 177312, *3 (W.D. Wisc. Dec. 18, 2013) ("Even if the answer was late, defendants obviously attempted to plead or otherwise defend for purposes of Fed. R. Civ. P. 55."); *Owens v. U.S. Bank N.A.*, 1:11-cv-1364-TCB, 2012 U.S. Dist. LEXIS 202753, *3 (N.D. Ga. Feb. 16, 2012) (quoting *Godarisingh*); *Gayle v. Thompson (In re Thompson)*, 11-5202, 2011 Bankr. LEXIS 2734, *2 (Bankr. N.D. Ga. June 29, 2011) ("even if a party answers late, if the party files an answer prior to the request for entry of default, the clerk may not enter default"); *Auto Owners Ins. Co. v. Edman*, 2:18-cv-372-FtM-99MRM, 2018 U.S. Dist. LEXIS 237287, *3-4 (M.D. Fla. Sept. 20, 2018) ("Although he filed an untimely answer, Defendant Henke has not 'failed to plead or otherwise defend.' Fed. R. Civ. P. 55(a).").

The Trustee will no doubt cite cases for the opposite proposition, that a late answer does not constitute "to plead or otherwise defend" within the meaning of rule 55.  But those cases typically predate rule 55's amendment in 2007.  "Rule 55(a) previously required the party alleged to be in default to "plead or otherwise defend *as provided by these rules*,' … but was amended in 2007 to delete the [italicized] language …."  *In re Clark*, 2010 U.S. Dist. LEXIS 76123 at *7 (emphasis original).  "The Advisory Committee's notes to the amendment reveal that the change was

intended to permit a party to avoid default by taking any act that 'show[s] an intent to defend,' even if that act was not authorized by a specific rule." *Id.*

Because NexPoint's Response prevented the Clerk from entering a default, it also prevented the Court from entering the Default Order. *See Meyers*, 581 Fed. Appx. at 711 ("The entry of a default was necessary for the court to grant a default judgment."). The Bankruptcy Court therefore abused its discretion by entering the Default Order against NexPoint, so the Court should reverse and remand.

### iii. The Bankruptcy Court Failed to Evaluate NexPoint's Alleged Default Under the Proper Standard

Even if the Clerk had entered a default, the Bankruptcy Court failed to consider the proper standard before entering the Default Order. Courts look to the following factors to determine whether to enter a default judgment:

> (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998) (holding that a district court did not commit an abuse of discretion when denying a motion for default judgment when the factors on balance weighed against granting the motion).

*In re Brunson*, 486 B.R. at 768 (quoting *Publications, Inc. v. Doulos PM Training*, No. 3:07-cv-2139-O, 2010 U.S. Dist. LEXIS 18757 (N.D. Tex. Mar. 3, 2010)).

Default judgments are not automatic, nor may a party obtain one as a matter of right. *Id.* at 768. In the context of a claim objection, "[t]he court must instead

'satisfy itself that the [movant has] stated a legally sufficient ground for claim disallowance.'" *Id.* (quoting *In re Reynolds*, 470 B.R. 138, 142 (Bankr. D. Colo. 2012)).  Of critical importance here, "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998).

The record unequivocally shows the Bankruptcy Court did not engage in this analysis.  *See* ROA.4-5 (Default Order devoid of analysis); ROA.745 (email correspondence from Bankruptcy Court citing only alleged substantial compliance with local rules).  In other words, the Bankruptcy Court entered the Default Order *automatically*, contrary to applicable precedent.  Even if the Bankruptcy Court had undertaken the appropriate analysis, there is no basis in the record to conclude, for example, that resolving the Objection on its merits would prejudice the Litigation Trustee.  The Court should therefore reverse the Default Order and remand for appropriate proceedings.

**D.    TO THE EXTENT THE LOCAL RULES GOVERN, THE LITIGATION TRUSTEE AND THE BANKRUPTCY COURT DID NOT COMPLY WITH THEM EITHER.**

**i.    Substantial Compliance with Applicable Rules Should Not Effect a Forfeiture.**

Courts permitting substantial compliance with local rules typically do so in order to *avoid* forfeiture.  In *In re Affiliated Foods, Inc.*, 2:21-MC-3-Z, 2021 U.S. Dist. LEXIS 185044 (N.D. Tex. Sept. 28, 2021), for example, the plaintiffs asked

the Court to deny Affiliated Foods' motion to quash an overbroad subpoena for failure to strictly follow the local rules. The Court declined, holding "[e]fficiency and justice would be distorted should he Court deny the Motion to Quash based on such flimsy accusations of not following the 'letter of the law' while Affiliated Foods complied with the spirit of the law." *Id.* at \*6. Even then, the Court noted "that any failure to strictly comply, *given these narrow circumstances*, is not grounds for dismissal. *Id.* (emphasis added).

Here, on the other hand, the Bankruptcy Court invoked substantial compliance to forfeit NexPoint's claim for over $250,000.00. ROA.732 (proof of claim for "not less than $250,000.00"). But if substantial compliance was good enough for the Litigation Trustee, then it should have been sufficient for NexPoint as well. The Trustee filed the Objection on November 9, 2021. ROA.660 (see header). Assuming the Litigation Trustee complied with L.B.R. 9007-1 (which NexPoint does not concede), the Response was due thirty days later on December 9, 2021. *See* L.B.R. 9007-1(c); 9014-1(f).

NexPoint substantially complied with this deadline only twenty-five days later on January 3, 2022. ROA.720 (see header); *cf. Williams*, 1995 U.S. App. LEXIS 15168 (affirming denial of default judgment when answer was filed 48 days late); *Johnson*, 140 F.3d at 785 ("As numerous decisions make clear, prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted

to defend on the merits."). Meanwhile, the Litigation Trustee took no action whatsoever to advance the Objection before NexPoint filed its Response.

Either the Court should require strict compliance or it should permit substantial compliance equally for both parties. The Bankruptcy Court did not identify any basis for affording the Litigation Trustee considerable leniency while holding NexPoint to a higher standard. That was an abuse of discretion. *See Richmond Med. Ctr. for Women v. Herring*, 527 F.3d 128, 167 (4th Cir. 2008) (Niemeyer, J., dissenting) (opining that decision to strike one witness's testimony but not another's on the same basis "created a double standard and was an abuse of discretion"), *vacated en banc*, 570 F.3d 165 (4th Cir. 2009).

### ii.    The Trustee did not Substantially Comply with the Local Rules.

Even if substantial compliance with the local rules justified disallowing NexPoint's Claim without a hearing, the record contains no basis to conclude the Litigation Trustee substantially complied with the rules:

- As discussed above, the Litigation Trustee did not file and serve a notice of the claim objection as required by Fed. R. Bankr. P. 3007(a)(1).

- The Objection contained lower-case negative notice language, ROA.667-68, whereas L.B.R. 9007-1(c) mandates all caps.

- L.B.R. 9007-1(c) (emphasis added) provides, "[w]here objections to claims are involved, the first paragraph of the notice *shall be modified* to provide:

NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIM UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT (ADDRESS OF CLERK'S OFFICE) BEFORE CLOSE OF BUSINESS ON (MONTH, DAY, YEAR), WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF.

But the first paragraph of the Objection's alleged negative notice language differs in form and substance. ROA.667.

- The Objection does not contain the certificate of conference required by L.B.R. 9007-1(f).

- The Trustee never filed the certificate of no objection required by L.B.R. 9007-1(g).

- The Trustee concealed the alleged negative notice language at the end of the Objection, ROA.667, whereas local practice is to include it at the beginning. *See* ROA.474.

When invoking local rules to forfeit legitimate claims, the Court should require a higher level of compliance than the Litigation Trustee's halfhearted effort. The Litigation Trustee disregarded numerous aspects of the Federal and Local Rules, whereas NexPoint's only demerit was filing the Response a mere twenty-five days late. But the Local Rules do not require a response at all absent compliance with L.B.R. 9007-1. L.B.R. 9014-1(f) ("Objections to claims do not require a written response unless the party filing the objection has used the negative notice procedure set forth in Local Bankruptcy Rule 9007-1."). Even if they required a response, the Litigation Trustee did nothing to advance the Objection during those twenty-five

days, so he cannot credibly claim prejudice.  The Bankruptcy Court abused its discretion by entering the Default Order in these circumstances.

**E.    THERE IS NO BASIS IN THE RECORD TO CONCLUDE THE LITIGATION TRUSTEE HAD STANDING TO BRING THE OBJECTION.**

"Standing is a component of subject matter jurisdiction."  *HSBC Bank USA*, 907 F.3d at 202 (citing *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005)). "'[T]he jurisdictional issue of standing is a legal question for which review is de novo.'"  *Id.* (quoting *Crane*, 783 F.3d at 250-51).  "Subject matter jurisdiction may be raised at any time, and may even be raised for the first time on appeal."  *Id.* (citing *Sample*, 406 F.3d at 312).

The United States Supreme Court has described the elements of Constitutional standing as follows:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized … and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" …. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court."  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements."  *Id.* at 561.

Here, the Litigation Trustee cannot establish any of these elements. The Litigation Sub-Trust exists solely to liquidate causes of action that belonged to the Debtor. *See* ROA.622 (4. Purpose of the Litigation Sub-Trust). The Litigation Trustee then sends any proceeds to the Claimant Trust and the Claimant Trustee for distribution to the Claimant Trust Beneficiaries (*i.e.*, creditors). *See id.* NexPoint has no recourse to the Litigation Sub-Trust to satisfy the Claim, so the Litigation Sub-Trust and the Litigation Trustee have no pecuniary interest in the outcome of the Objection or this appeal.

It makes sense, therefore, that the Plan vests the Claimant Trustee, not the Litigation Trustee, with authority to prosecute claim objections. ROA.638 (B. Disputed Claims). The Litigation Trustee alleges in the Objection, however, that he obtained standing under "the Claimant Trust Agreement, the Litigation Sub-Trust Agreement, and the Assignment Agreement …." ROA.663. But the Court will not find any of those documents in the record. Nor do they necessarily matter. *See Kowalski v. Tesmer*, 543 U.S. 125 (2004) (discussing test for third-party standing).

The Supreme Court has "adhered to the rule that a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). The Litigation Trustee has not met his burden to prove why the Court should permit him to exercise the Claimant Trustee's standing—not to the

Bankruptcy Court and not to this Court. The Court should therefore reverse the Default Order and remand for appropriate proceedings.

## **CONCLUSION**

The Litigation Trustee and the Bankruptcy Court failed to follow the Federal Rules of Bankruptcy and Civil Procedure. They also failed to follow the Local Rules. Nevertheless, *based on an informal email request from the Litigation Trustee*, the Bankruptcy Court somehow found "substantial compliance" and denied NexPoint's formal, written request for a hearing on less than twenty-four-hours' notice. But the Bankruptcy Court failed to consider the appropriate factors, improperly held NexPoint to a higher standard, and failed to evaluate obvious standing issues. In the context of a default judgment, even the slightest abuse of discretion mandates reversal. Suffice it to say the abuse here rose above that level. The Court should reverse the Default Order and remand for appropriate proceedings.

RESPECTFULLY SUBMITTED this 14th day of April, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

/s/  *Julian P. Vasek*
Davor Rukavina
Tex. Bar No. 24030781
Julian P. Vasek
Tex. Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7528
drukavina@munsch.com
jvasek@munsch.com

**COUNSEL FOR APPELLANT
NEXPOINT ADVISORS, L.P.**

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with FRBP 8015's type-volume limitations because it contains 5,453 words, excluding the items described in rule 8015(g), measured using Microsoft Word's word count feature.

/s/  *Julian P. Vasek*
Julian P. Vasek

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 14, 2022, a true and correct copy of the foregoing document was served on the following recipients via the Court's CM/ECF system:

Case Admin Sup    txnb_appeals@txnb.uscourts.gov

Davor Rukavina    drukavina@munsch.com

Julian Preston Vasek    jvasek@munsch.com

Juliana Lorraine Hoffman    jhoffman@sidley.com, crognes@sidley.com, txefilingnotice@sidley.com

Paige Holden Montgomery    pmontgomery@sidley.com, broper@sidley.com, txefilingnotice@sidley.com

Stacey G Jernigan    sgj_settings@txnb.uscourts.gov, anna_saucier@txnb.uscourts.gov

/s/  *Julian P. Vasek*
Julian P. Vasek