# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>    Debtor. | No. 19-34054-sgj11 |
| NEXPOINT ADVISORS, L.P.,<br><br>    Appellant,<br><br>v.<br><br>MARC S. KIRSCHNER, TRUSTEE OF THE LITIGATION SUB-TRUST,<br><br>    Appellee. | Civ. Act. No. 3:22-cv-00335-L<br><br>*Appeal from the United States Bankruptcy Court for the Northern District of Texas* |

## APPELLANT'S REPLY BRIEF

Davor Rukavina
Tex. Bar No. 24030781
Julian P. Vasek
Tex. Bar No. 24070790
MUNSCH HARDT KOPF & HARR P.C.
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7500
drukavina@munsch.com
jvasek@munsch.com

**COUNSEL FOR APPELLANT
NEXPOINT ADVISORS, L.P.**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT AND AUTHORITIES .....................................................................1

    A.    STANDING ISSUES ARE NOT WAIVABLE ............................................................1

    B.    NEXPOINT HAS STANDING TO PURSUE THIS APPEAL .......................................2

    C.    NEXPOINT WAS NOT ALLOWED MAKE ANY ARGUMENTS BELOW,
          SO IT COULD NOT HAVE WAIVED THEM .........................................................5

    D.    RULE 55 APPLIES IN CONTESTED MATTERS LIKE CLAIM OBJECTIONS .............6

    E.    THE LITIGATION TRUSTEE DID NOT SUBSTANTIALLY COMPLY WITH
          THE LOCAL RULES ..........................................................................................7

    F.    THE OBJECTION DOES NOT OVERCOME THE CLAIM'S PRIMA FACIE
          VALIDITY ........................................................................................................9

CONCLUSION ......................................................................................................10

CERTIFICATE OF COMPLIANCE ......................................................................12

CERTIFICATE OF SERVICE ...............................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Bank of Ocala v. Pelican Homestead and Savings Ass'n*,
   874 F.2d 274 (5th Cir. 1989) ...................................................................................1

*Baker v. Tomkins Indus.*, 339 F. Supp. 2d 1177 (D. Kan. 2004)...............................8

*Bass v. Shutan*, 259 F.2d 561 (9th Cir. 1958)............................................................4

*Burnham v. Bowen*, 111 U.S. 776, 4 S. Ct. 67, 28 L. Ed. 596 (1884)......................4

*Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382 (5th Cir. 2018) .................5

*In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005)............................................9

*In re Brunson*, 486 B.R. 759 (Bankr. N.D. Tex. 2013) .........................................6, 9

*In re Missionary Baptist Found. of Am., Inc.*, 12 B.R. 570
   (Bankr. N.D. Tex. 1981)...................................................................................4

*In re Taylor*, 132 F.3d 256 (5th Cir. 1998)...............................................................6

*La. First Fin. Group, Inc. v. Al Copeland Enters. (In re Al Copeland Enters.)*,
   97-50189, 1998 U.S. App. LEXIS 40043 (5th Cir. June 9, 1998) ....................10

*Lewis v. Lynn*, 236 F.3d 766 (5th Cir. 2001) ............................................................1

*Louisiana Landmarks Soc'y v. City of New Orleans*,
   85 F.3d 1119 (5th Cir. 1996) ............................................................................1

*MC Asset Recovery LLC v. Castex Energy, Inc.*, No. 4:07-CV-076-Y,
   2008 WL 2940602 (N.D. Tex. July 31, 2008)......................................................2

*Mokava Corp. v. Dolan*, 147 F.2d 340 (2d Cir. 1945) ..............................................4

*Puerto Rico v. Franklin Cal. Tax-Free Trust*, 579 U.S. 115 (2016) .........................7

*ReGen Capital I, Inc. v. UAL Corp. (In re UAL Corp.)*,
   635 F.3d 312 (7th Cir. 2011) ............................................................................4

*Rouser v. White*, 825 F.3d 1076 (9th Cir. 2016)..................................................................8

*Shropshire, Woodliff, & Co., v. Bush*, 204 U.S. 186, 27 S. Ct. 178,
     51 L. Ed. 436 (1907)..........................................................................................4

*Stelly v. Duriso*, 982 F.3d 403 (5th Cir. 2020)..................................................................5, 6

*Wilson v. Brooks Supermarket, Inc. (In re Missionary Baptist
     Found. of Am., Inc.)*, 667 F.2d 1244 (5th Cir. 1982)...........................................4

*Zimmerman v. City of Austin*, 881 F.3d 378 (5th Cir. 2018)......................................1

## **Rules**

Fed. R. Bankr. P. 3001 ...............................................................................................4, 5

Fed. R. Bankr. P. 7055 ..................................................................................................6

Fed. R. Bankr. P. 9014 ..................................................................................................6

Fed. R. Civ. P. 55 .........................................................................................................6

L.B.R. 9007-1............................................................................................................7, 8

## **Other authorities**

5 Collier on Bankruptcy ¶ 553.03[3][h] (16th ed. 2022)...........................................4

Official Form 410 (Proof of Claim)............................................................................9

# ARGUMENT AND AUTHORITIES

"'[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

A.  **STANDING ISSUES ARE NOT WAIVABLE**

The Litigation Trustee's most surprising argument suggests NexPoint waived any issue concerning the Litigation Trustee's standing. But "standing is jurisdictional and, therefore, non-waivable." *Louisiana Landmarks Soc'y v. City of New Orleans*, 85 F.3d 1119, 1122 n.3 (5th Cir. 1996). "Standing requires that the plaintiff demonstrate that he or she has suffered an injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Zimmerman v. City of Austin*, 881 F.3d 378, 388 (5th Cir. 2018) (quotations omitted). The Litigation Trustee failed to establish any of those elements.

Instead, the Litigation Trustee suggests he has standing based on the "Plan Supplement, Ex. T at Article II, Section 2.2 …." Trustee Br. 19. But the appellate record does not include this document. Even if it did, what injury has the Litigation Trustee suffered? The Litigation Sub-Trust exists solely to liquidate causes of action that belonged to the Debtor. *See* ROA.622. The Litigation Trustee then sends any

proceeds to the Claimant Trust and the Claimant Trustee for distribution to the Claimant Trust Beneficiaries (*i.e.*, creditors). *See id.* NexPoint has no recourse to the Litigation Sub-Trust to satisfy the Claim, so the Litigation Sub-Trust and the Litigation Trustee have no pecuniary interest in the outcome of the Objection or this appeal.

The Litigation Trustee also suggests the "Bankruptcy Code permits a plan of reorganization to transfer authority to prosecute claims to a representative of the estate". Trustee Br. 19 (citing *MC Asset Recovery LLC v. Castex Energy, Inc.*, No. 4:07-CV-076-Y, 2008 WL 2940602, *4 (N.D. Tex. July 31, 2008)). And that is true in theory. But the Litigation Trustee has not identified any Plan provision that authorizes him to object to claims. Under the Plan, only "the Reorganized Debtor or the Claimant Trustee … may File with the Bankruptcy Court an objection to the allowance of any Disputed Claim …." ROA.638. And "[i]n the event of an inconsistency between this Plan and any other instrument or document created or executed pursuant to this Plan … this Plan shall control." ROA.653.

The Court should reverse the Default Order and render a decision overruling the Objection for lack of standing.

**B.     NEXPOINT HAS STANDING TO PURSUE THIS APPEAL**

Despite the Litigation Trustee never having raised standing before and accusing NexPoint of waiver for that same alleged failure, the Litigation Trustee

goes on to challenge NexPoint's standing. Of course, as NexPoint already briefed, both parties may raise standing at any time. But the Litigation Trustee's hypocrisy nevertheless warrants mention. It highlights how even he does not believe his own arguments.

In any event, the Litigation Trustee erroneously relies on an inapposite and uncontroversial provision in the Plan to argue NexPoint lacks standing. But that provision has nothing to do with standing:

> At the close of business on the Distribution Record Date, the transfer ledgers for the Claims against the Debtor and the Equity Interests in the Debtor shall be closed, and there shall be no further changes in the *record holders* of such Claims and Equity Interests. The Debtor, the Reorganized Debtor, the Trustees, and the Distribution Agent, and each of their respective agents, successors, and assigns shall have no obligation to recognize the transfer of any Claims against the Debtor or Equity Interests in the Debtor occurring after the Distribution Record Date and shall be entitled instead to recognize and deal for all purposes hereunder with only those record holders stated on the transfer ledgers as of the close of business on the Distribution Record Date irrespective of the number of distributions to be made under this Plan to such Persons or the date of such distributions.

ROA.634 (emphasis added). It merely serves an administrative convenience function with respect to keeping track of the *record holders* of claims. It does not address who *actually holds* a particular claim.

After a certain date, five specifically enumerated individuals and entities—the Debtor, Reorganized Debtor, Claimant Trustee, Litigation Trustee, and Distribution Agent—need not recognize a claim transfer and may deal exclusively

APPELLANT'S REPLY BRIEF    3

with the claimant identified in their records. But the provision in question has no bearing on whether the Court, NexPoint, Covitz, or anyone else must recognize the transfer. It gives the five enumerated individuals and entities the right to pay any distributions to Covitz rather than NexPoint, *if they so choose*, but it does not relieve Covitz of his obligation to remit those distributions to NexPoint as his assignee.

The nation's leading bankruptcy treatise recognizes that, "[a]s a general rule, claims are freely transferable, and the assignee of an obligation is entitled to assert an assigned claim against a debtor in bankruptcy." 5 Collier on Bankruptcy ¶ 553.03[3][h] (16th ed. 2022) (collecting cases[1]). In light of this policy, one cannot reasonably interpret the Plan to prohibit claim transfers altogether, which is what the Litigation Trustee asks this Court to do. Rather, it simply provides administrative relief from specific parties' obligations to continue tracking claims transfers *ad infinitum*. It does not address whether otherwise permissible claims trading can continue behind the scenes.

The Federal Rules of Bankruptcy Procedure give the assignor—not anyone else—the ability to object to a claim transfer. Fed. R. Bankr. P. 3001(e)(2). "If a

---

[1] *See Shropshire, Woodliff, & Co., v. Bush*, 204 U.S. 186, 189, 27 S. Ct. 178, 51 L. Ed. 436 (1907); *Burnham v. Bowen*, 111 U.S. 776, 783, 4 S. Ct. 675, 678, 28 L. Ed. 596 (1884); *ReGen Capital I, Inc. v. UAL Corp. (In re UAL Corp.)*, 635 F.3d 312, 318, 65 C.B.C.2d 161 (7th Cir. 2011); *Bass v. Shutan*, 259 F.2d 561, 563 (9th Cir. 1958); *Mokava Corp. v. Dolan*, 147 F.2d 340, 344-45 (2d Cir. 1945); *In re Missionary Baptist Found. of Am., Inc.*, 4 C.B.C.2d 1157, 1159, 12 B.R. 570, 572 (Bankr. N.D. Tex. 1981), *aff'd sub nom. Wilson v. Brooks Supermarket, Inc. (In re Missionary Baptist Found. of Am., Inc.)*, 667 F.2d 1244 (5th Cir. 1982).

timely objection is not filed by the alleged transferor, the transferee *shall* be substituted for the transferor." *Id.* (emphasis added).  NexPoint filed the official transfer form on January 3, 2022.  ROA.719.  Covitz as assignor never objected to the assignment.  *See* ROA.453-72 (bankruptcy docket Jan. 3, 2022 to March 15, 2022).  NexPoint therefore holds the claim, regardless of whether the Debtor, Reorganized Debtor, Claimant Trustee, Litigation Trustee, and Distribution Agent must update their records to recognize the transfer.  This means NexPoint is a "person aggrieved" with appellate standing under *Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382, 385 (5th Cir. 2018).

### C.   NexPoint was not Allowed Make any Arguments Below, So It Could not Have Waived Them

The Litigation Trustee argues that NexPoint waived various arguments by allegedly failing to raise them in the Bankruptcy Court.  But this is an appeal from a default judgment.  The Bankruptcy Court denied NexPoint the opportunity to address the Litigation Trustee's objection on the merits.  *See* ROA.745 (email from Court denying NexPoint's request for a hearing).  The only way NexPoint could have done so would have been by filing a motion to reconsider under rule 60(b).  But the Fifth Circuit has held that "a party's failure to file a motion to set aside a default judgment in the [trial] court does not prevent the party from appealing that judgment …." *Stelly v. Duriso*, 982 F.3d 403, 407 (5th Cir. 2020).

More to the point, "if the existing record and pleadings do not support the judgment, the defaulting party can prevail on appeal *without having raised the issues first in the [trial] court with a Rule 60(b) motion.*" *Id.* (emphasis added). The Litigation Trustee's argument fails to account for this appeal's procedural posture. If the Litigation Trustee were correct, then no party could ever appeal a default judgment due to a failure to preserve error. But that result does not square with the Fifth Circuit's holding in *Stelly v. Duriso*. The Bankruptcy Court denied NexPoint the opportunity to proceed on the merits below, so NexPoint did not waive any arguments.

### D. RULE 55 APPLIES IN CONTESTED MATTERS LIKE CLAIM OBJECTIONS

Relying on a single, twenty-eight-year-old case from an Ohio bankruptcy court, the Litigation Trustee argues that Federal Rule of Civil Procedure 55 does not apply to claim objections. Trustee Br. 23. But the Litigation Trustee does not dispute that filing a claim objection initiates a contested matter under Federal Rule of Bankruptcy Procedure 9014. *E.g. In re Brunson*, 486 B.R. 759, 768 (Bankr. N.D. Tex. 2013) (citing *In re Taylor*, 132 F.3d 256 (5th Cir. 1998)). And rule 9014 expressly provides that rule 7055 applies in contested matters, which in turn incorporates Federal Rule of Civil Procedure 55. Fed. R. Bankr. P 7055, 9014(c). The plain language of these rules leaves no room for doubt: Rule 55 applies to claim

objections.  *Cf. Puerto Rico v. Franklin Cal. Tax-Free Trust*, 579 U.S. 115, 125 (2016) ("The plain text of the Bankruptcy Code begins and ends our analysis.").

### E.   THE LITIGATION TRUSTEE DID NOT SUBSTANTIALLY COMPLY WITH THE LOCAL RULES

To the extent the Court holds that mere substantial compliance with Local Rule 9007-1 suffices notwithstanding the applicability of Federal Rule of Civil Procedure 55, the Litigation Trustee did not substantially comply.  The local rule provides in relevant part as follows:

> The pleading or notice served shall contain a statement in substantially the following form:
>
> NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT (ADDRESS OF CLERK'S OFFICE) BEFORE CLOSE OF BUSINESS ON (MONTH) (DAY), (YEAR), WHICH IS AT LEAST 211 DAYS FROM THE DATE OF SERVICE HEREOF.
>
> ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.
>
> IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

*  *  *

> Where objections to claims are involved, the first paragraph of the notice *shall* be modified to provide:
>
> NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIM UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT (ADDRESS OF CLERK'S OFFICE) BEFORE CLOSE OF BUSINESS ON (MONTH, DAY, YEAR), WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF.

L.B.R. 9007-1(c) (capitalization original; italics and bold added).

The Litigation Trustee's suggestion that this rule does not require the language to be in all caps (Trustee Br. 13) fails to withstand even superficial scrutiny. And the Litigation Trustee does not even attempt to explain his failure to include the mandatory first paragraph applicable to claim objections. As NexPoint briefed, the Litigation Trustee actually failed to comply with rule 9007-1 in six different ways. NexPoint Br. 21-22. Whatever it means to substantially comply with this rule—neither NexPoint nor the Litigation Trustee identified any cases accepting or otherwise addressing substantial compliance in this context[2]—six failures add up to substantial *non*compliance under any reasonable interpretation of the phrase. *Cf. Rouser v. White*, 825 F.3d 1076, 1082 (9th Cir. 2016) ("merely taking significant steps toward implementing the [consent] decree falls far short of 'substantial compliance.'"); *Baker v. Tomkins Indus.*, 339 F. Supp. 2d 1177, 1187 (D. Kan. 2004)

---

[2] Given this lack of authority, there is no basis for the Litigation Trustee to suggest NexPoint waived arguments by failing to cite cases that do not exist. NexPoint cited numerous other cases and rules to support its substantial compliance arguments. NexPoint Br. pp. 19-23.

(holding party "did not substantially comply with the procedural requirements of ERISA and that it thus deprived plaintiff of an opportunity for full and fair review" in part because "[t]he letter did meet three of the four requirements, but it still falls short of substantial compliance with the fourth requirement").

F. **THE OBJECTION DOES NOT OVERCOME THE CLAIM'S PRIMA FACIE VALIDITY**

The Litigation Trustee cites *In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005), for the proposition that the Court should not afford NexPoint's Claim *prima facia* validity due to NexPoint's alleged failure to include supporting documentation. Trustee Br. 10. But the Court that decided *Armstrong* later disavowed it, calling it "firmly the minority view." *In re Brunson*, 486 B.R. at 772. Instead, the "court [now] adheres to the majority view that a proof of claim may not be disallowed where the sole basis of objection is the creditor's failure to attach sufficient documentation under Bankruptcy Rule 3001." *Id.* at 773

The official proof of claim form itself even provides that "[f]ilers must *leave out* or redact information that is entitled to privacy on this form *or on any attached documents.*" ROA.731 (emphasis added). It also instructs that, "[i]f the documents are not available, explain in the attachment." *Id.* Those caveats on the official form apply here, as the claim itself demonstrates: "Documents supporting this Claim (i) are in the possession of the Debtor; (ii) are too voluminous [to] attach hereto; and (iii) contain personal confidential information of the Claimant." ROA.740.

Here, the Litigation Trustee made little effort in his brief to expound the merits of his claim objection. Given his proclivity to invoke waiver, the Court should hold the Litigation Trustee to his own standard. *See*, *e.g.*, Trustee Br. 21 (citing various cases for the proposition that failure to brief an issue results in waiver). Even on the merits, the Litigation Trustee's arguments make no sense. As NexPoint briefed (NexPoint Br. 14), for example, one of the contracts on which the Objection relies post-dates the events giving rise to the Claim. *Compare* ROA.663 (Covitz was terminated in March 2021) *with* ROA.706 (partnership agreement dated August 2021). But the Litigation Trustee has never explained why a contract that did not exist during Covitz's employment should govern his employment-based claim. The Litigation Trustee thus failed to present "a substantial factual basis to overcome the prima facie validity of the proof of claim." *La. First Fin. Group, Inc. v. Al Copeland Enters. (In re Al Copeland Enters.)*, 97-50189, 1998 U.S. App. LEXIS 40043, *4-5 (5th Cir. June 9, 1998).

## CONCLUSION

The Litigation Trustee and the Bankruptcy Court failed to follow the Federal Rules of Bankruptcy and Civil Procedure. They also failed to follow the Local Rules. Nevertheless, *based on an informal email request from the Litigation Trustee*, the Bankruptcy Court somehow found "substantial compliance" and denied NexPoint's formal, written request for a hearing on less than twenty-four-hours'

notice. But the Bankruptcy Court failed to consider the appropriate factors, improperly held NexPoint to a higher standard, and failed to evaluate obvious standing issues. In the context of a default judgment, even the slightest abuse of discretion mandates reversal. The abuse here rose above that level. The Court should reverse the Default Order and either (1) render judgment denying the Objection for lack of standing, or (2) remand for appropriate proceedings if the Court finds the Litigation Trustee met his burden to prove his standing.

RESPECTFULLY SUBMITTED this 31st day of May, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

/s/ *Julian P. Vasek*
Davor Rukavina
Tex. Bar No. 24030781
Julian P. Vasek
Tex. Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7528
drukavina@munsch.com
jvasek@munsch.com

**COUNSEL FOR APPELLANT NEXPOINT ADVISORS, L.P.**

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with FRBP 8015's type-volume limitations because it contains 2,608 words, excluding the items described in rule 8015(g), measured using Microsoft Word's word count feature.

/s/ *Julian P. Vasek*
Julian P. Vasek

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 31, 2022, a true and correct copy of the foregoing document was served on the following recipients via the Court's CM/ECF system:

Case Admin Sup    txnb_appeals@txnb.uscourts.gov

Davor Rukavina    drukavina@munsch.com

Julian Preston Vasek    jvasek@munsch.com

Juliana Lorraine Hoffman    jhoffman@sidley.com, crognes@sidley.com, txefilingnotice@sidley.com

Paige Holden Montgomery    pmontgomery@sidley.com, broper@sidley.com, txefilingnotice@sidley.com

Hon. Stacey G.C. Jernigan    sgj_settings@txnb.uscourts.gov, anna_saucier@txnb.uscourts.gov

/s/ *Julian P. Vasek*
Julian P. Vasek