IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NEXPOINT ADVISORS, L.P.,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. **3:22-CV-335-L** |
| | § | |
| **MARC S. KIRSCHNER, TRUSTEE OF** | § | |
| **THE LITIGATION SUB-TRUST,** | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

NexPoint Advisors, L.P. ("Appellant" or "NexPoint" or "NP") appeals the bankruptcy court's January 13, 2022 Order Sustaining the Litigation Trustee's Objection to Proof of Claim Filed by Hunter Covitz (Claim No. 186). For the reasons herein explained, the court **affirms** the bankruptcy court's January 13, 2022 Order.

## I.      Background

This appeal arises from an order entered by the bankruptcy court on January 13, 2022, sustaining Trustee of the Litigation Sub-Trust Marc S. Kirschner's Objection to Proof of Claim No. 186 ("Proof of Claim") filed by Hunter Covitz (Clam No. 186) in the Chapter 11 bankruptcy proceeding brought by Debtor Highland Capital Management, L.P. ("HCMLP" or "Debtor"). Mr. Covitz filed the Proof of Claim on the May 26, 2020 deadline for filing claims in HCMLP's bankruptcy case. Mr. Covitz, whose employment was terminated in March 2021, seeks "not less than $250,000" for compensation and indemnification for services performed or omitted by him in connection with his employment with HCMLP. R. 732. On February 22, 2021, the bankruptcy court entered an Order (I) Confirming the Fifth Amended Plan of Reorganization of Highland

Capital Management, L.P. (as Modified) and (II) Granting Related Relief ("Confirmation Order").

Under the Plan, Marc Kirschner serves as the "Litigation Trustee," and James Seery serves as the

"Claimant Trustee."

On November 9, 2021, Mr. Kirschner filed the Litigation Trustee's Objection to Mr.

Covitz's Proof of Claim ("Objection").   The Objection included negative notice language as

allowed by Local Bankruptcy Rule 9007-1.[1]   The Objection also included a thirty-day response

deadline of December 9, 2021.  The Objection further advises that failure to file and serve a timely

response by this deadline will result in the Litigation Trustee presenting to the bankruptcy court

the order attached as Exhibit A for disallowing the claimant's claim without further notice to the

claimant:

## V.      <u>RESPONSES TO OBJECTION</u>

22.    To contest an objection, a claimant must file and serve a written response
to this Objection (each, a "Response") so that it is received no later than
December 9, 2021 (the "Response Deadline"). Every Response must be
filed with the Office of the Clerk of the United States Bankruptcy Court for
the Northern District of Texas (Dallas Division), Earle Cabell Federal
Building, 1100 Commerce Street, Room 1254, Dallas, TX 75242-1496 and
served upon the following entities, so that the Response is received no later
than the Response Deadline, at the following addresses:

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Susheel Kirpalani
Deborah J. Newman
Robert Loigman
Benjamin I. Finestone
Jordan Harap
Alexandre J. Tschumi
51 Madison Ave., 22nd Floor
New York, NY 10010
susheelkirpalani@quinnemanuel.com

---

[1] The court refers herein to the Northern District of Texas Bankruptcy Court's Local Rules interchangeably as "Local Bankruptcy Rules" and "Local Rules." Additionally, unless otherwise specified, the facts herein are undisputed.

deborahnewman@quinnemanuel.com
robertloigman@quinnemanuel.com
jordanharap@quinnemanuel.com
alexandretschumi@quinnemanuel.com

-and-

**SIDLEY AUSTIN LLP**
Paige Holden Montgomery
Juliana Hoffman
2021 McKinney Avenue
Suite 2000
Dallas, Texas 75201
pmontgomery@sidley.com
jhoffman@sidley.com

23.    Every Response to this Objection must contain, at a minimum, the following information:

    a.    A caption setting forth the name of the [bankruptcy] [c]ourt, the name of the Debtor, the case number, and the title of the objection to which the Response is directed;

    b.    The name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

    c.    The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

    d.    Any supporting documentation (to the extent it was not included with the proof of claim previously filed with the clerk of the [bankruptcy] [c]ourt or KCC) upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

    e.    The name, address, telephone number, email address, and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtor should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

24.    If the claimant fails to file and serve a timely Response by the Response Deadline, the Litigation Trustee will present to the [bankruptcy] [c]ourt an appropriate order disallowing the claimant's claim, as set forth in **Exhibit A**, without further notice to the claimant.

*Memorandum Opinion and Order – Page 3*

R. 666-667.

Appellant did not respond to the Objection within the thirty-day deadline.  It, instead, waited until January 3, 2022, twenty-five days after the December 9, 2021 deadline set forth in the Litigation Trustee's Objection, to file its response.  On the same date, Appellant filed a "Notice of Transfer for NexPoint Advisors, L.P. re: Hunter Covitz (Claim No. 186)," evidencing the transfer of Mr. Covitz's claim to NexPoint as of January 3, 2021.  In its response, NexPoint argued that no response by it to the Litigation Trustee's Objection was required under Local Bankruptcy Rule 9014(f) because the Litigation Trustee had not set the Objection for hearing:

> COMES NOW NexPoint Advisors, L.P. ("NexPoint"), as successor-in-interest to Hunter Covitz ("Mr. Covitz"), a creditor and party in interest in the above captioned bankruptcy case (the "Bankruptcy Case") of Highland Capital Management, L.P., and responds to the Litigation Trustee's Objection to Proof of Claim Filed by Hunter Covitz (Claim No. 186) (Dkt. No. 3002, the "Objection") filed by Marc S. Kirschner (the "Litigation Trustee"), in support of which NexPoint would respectfully show as follows:

> 1. As otherwise evidenced on the docket of the Bankruptcy Case, Proof of Claim No. 186 filed by Mr. Covitz on May 26, 2020 (the "Claim") has been assigned to NexPoint by Mr. Covitz. *See* Dkt. No. 3146.

> 2. Under the Local Rules, no written response to the Objection is necessary. L.B.R. 9014-1(f). However, to date, the Litigation Trustee has not set the Objection for hearing.

> 3. Accordingly, out of an abundance of caution, NexPoint files this response solely to indicate its opposition to the Objection and to give notice of its intent to conduct discovery pursuant to Fed. R. Bankr. P. 9014(c). NexPoint does not waive the right to put on a complete defense to the Objection at any hearing thereon.

> 4. NexPoint will serve its discovery requests promptly after filing this response and therefore requests that the [bankruptcy] [c]ourt set the Objection for hearing once a reasonable opportunity to conduct discovery has passed.

> WHEREFORE, PREMISES CONSIDERED, NexPoint respectfully requests that, following a reasonable opportunity for discovery, in the event the Litigation Trustee is unable to overcome the prima facie validity of the Claim, the

**Memorandum Opinion and Order – Page 4**

[bankruptcy] [c]ourt enter an order denying the Objection and providing NexPoint
such other and further relief to which it is entitled.

R. 720-21.

On January 7, 2022, the Litigation Trustee filed a reply in which he notified the bankruptcy
court that neither Mr. Covitz nor any other party filed a response to the Objection by the December
9, 2021 deadline. R. 724. The Litigation Trustee's reply also asserted that, because "[n]o timely
response to the Objection was filed by the Response Deadline," it was not necessary for the
bankruptcy court to indulge NexPoint's untimely response or James Dondero's[2] ongoing efforts
"to burden [the Debtor] and its fiduciaries with wasteful litigation." *Id.* at 725. The Litigation
Trustee, therefore, requested that the bankruptcy court enter his "proposed order attached hereto
as **Exhibit A** . . . at the [c]ourt's convenience without a hearing, disallowing the Claim with
prejudice and granting such other and further relief as the [c]ourt deem[ed] just and proper." *Id.*

On January 11, 2022, counsel for the Litigation Trustee advised the bankruptcy court via
e-mail that a reply to NexPoint's response had been filed, and it was the Litigation Trustee's
position that, because NexPoint's response was untimely, the bankruptcy court could enter the
previously submitted proposed order. NexPoint's counsel, who was copied on the Litigation
Trustee's e-mail, responded a short time later, asserting that no negative notice language was used
in the Objection, and the Local Bankruptcy Rules provide no deadline for responding to objections.
NexPoint, therefore, requested that the bankruptcy court not enter the Litigation Trustee's
proposed order disallowing its claim, which counsel referred to as a "default order." R. 744.

---

[2] In this appeal, The Litigation Trustee asserts that James Dondero is the former owner of Debtor HCMLP, who
controls various entities related to HCMLP, including Appellant NexPoint. The Litigation Trustee contends that Mr.
Dondero has used these entities to bring expensive and frivolous litigation against HCMLP and its estate throughout
the underlying bankruptcy case, and this appeal is no different.

**Memorandum Opinion and Order – Page 5**

The bankruptcy court's staff responded to the parties' e-mails as follows: "Judge Jernigan asked me to respond that paragraphs 22, 23, and 24 of the claim objection [DE #3002] substantially complied with the negative notice procedure, as set forth in LBR 9007-1(c). The claim objection also complied with LBR 3007-1. She will enter the order." R. 745. On January 13, 2022, without holding a hearing, the bankruptcy court entered the Litigation Trustee's proposed order that sustained his Objection to Mr. Covitz's Proof of Claim, disallowed the claim, and dismissed with prejudice the claim. R. 6-7. This appeal followed.

Appellant argues in this appeal that the bankruptcy court erred and its January 13, 2022 Order should be reversed because: (1) the Litigation Trustee lacked standing to object to Mr. Covitz's claim; (2) the Litigation Trustee failed to comply with Federal Rule of Bankruptcy Procedure ("Federal Bankruptcy Rule") 3007's notice requirement; (3) the Litigation Trustee and the bankruptcy court failed to comply with Federal Rule of Civil Procedure 55, applicable to default judgments; (4) local rules are subordinate to Federal Rules of Bankruptcy and Civil Procedure, and, even if Local Bankruptcy Rule 9007-1 applies here, the Litigation Trustee and bankruptcy court did not comply with it; and (5) the bankruptcy court erred in sustaining the Litigation Trustee's Objection because it was insufficient to rebut the prima facie validity of Mr. Covitz's claim without a hearing, and the bankruptcy court's January 13, 2022 Order did not include any merits-based findings or conclusions.

## II.    Standard of Review

Final judgments, orders, and decrees of a bankruptcy court may be appealed to a federal district court. 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8001(a). On appeal, this court may affirm, modify, or reverse the bankruptcy court's judgment, order, or decree, or remand the matter at issue with instructions to the bankruptcy court to conduct further proceedings. Fed. R. Bankr. P. 8013.

In reviewing the bankruptcy court's decisions, the district court functions as an appellate court and applies the same standards of review used by federal appellate courts when reviewing the decisions of district courts. *Webb v. Reserve Life Ins. Co. (In re Webb)*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). A bankruptcy court's findings of fact are subject to review for clear error, and its conclusions of law are reviewed *de novo*. *See In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003). A finding is clearly erroneous and reversible only if, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been made." *In re Dennis*, 330 F.3d at 701 (citation omitted). In conducting this review, the court must give due regard to the opportunity of the bankruptcy judge to determine the credibility of the witnesses. *Id*.; *see also In re Young*, 995 F.2d 547, 548 (5th Cir. 1993) (quoting Fed. R. Bankr. P. 8013).

## III.   Discussion

### A.  Standing of Both Parties (Waived)

In its opening brief, NexPoint argues that the Litigation Trustee did not have standing in the bankruptcy proceeding to object to Mr. Covitz's claim. The Litigation Trustee disagrees and responds that NexPoint lacks standing to bring this appeal because it did not contest the disallowance of Mr. Covitz's claim in the bankruptcy court.  NexPoint counters that standing is not waivable, and, in any event, it was not required to seek reconsideration of the bankruptcy court's ruling before appealing. NexPoint further asserts that, under the Litigation Trustee's reasoning, he too lacks standing because he also failed to raise the issue of standing below.

Under Federal Bankruptcy Rule 8006, an issue is not preserved for appeal "unless the appellant includes the issue in its statement of issues on appeal." *In re Highland Capital Mgmt., L.P.*, 57 F.4th 494, 499-500 (5th Cir. 2023) (citations omitted).  In concluding that a standing argument was waived in *In re Highland Capital Management, L.P.*, the Fifth Circuit explained:

As we have previously held, "the rules regarding preservation of issues on appeal in bankruptcy cases apply with equal force regardless of whether the appeal is from the bankruptcy court to the district court . . . from the district court to the court of appeals . . . or from the bankruptcy court to the court of appeals"—in other words, Appellants' "statement of issues must be considered to determine whether [they] properly preserved for appeal the issues and arguments contained in [their] brief."

. . . Appellants' statement of the issues on appeal does not fairly encompass the separate issue of the district court's dismissal for lack of standing. *See Galaz v. Katona (In re Galaz)*, 841 F.3d 316, 324-25 (5th Cir. 2016) (rejecting the notion that we should construe the statement of the issues on appeal broadly). Therefore, Appellants did not preserve for appeal a challenge to the district court's partial dismissal below for lack of standing.

*Id.* (citations omitted).

NexPoint's Statement of Issues does not include the issue of whether the Litigation Trustee lacked standing to object to Mr. Covitz's claim in HCMLP's bankruptcy proceeding. Appellee's brief includes a Statement of Issues, which in turn includes the issue of whether NexPoint lacks standing, but the Litigation Trustee did not file a cross-appeal. Accordingly, the parties' standing arguments were not preserved for appeal. *See id.*; *see also Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 239 n.2 (5th Cir. 1990) (holding that appellee's failure to file cross-appeal prevented it from reaching issue and noting that "the filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction.") (internal quotation marks omitted).

### B.  Federal Bankruptcy Rule 3007's Separate Notice Requirement (Waived)

Appellant argues that the Litigation Trustee's Objection to Mr. Covitz's claim failed to comply with Federal Bankruptcy Rule 3007(a)(1), which provides that "[a]n objection to the allowance of a claim *and a notice of objection that substantially conforms to the appropriate Official Form* shall be filed and served at least 30 days before any scheduled hearing on the objection or any deadline for the claimant to request a hearing."  Appellant's Br. 11-12 (quoting Fed. Bankr. P. 3007(a)(1) (emphasis added by Appellant).  Appellant contends that the Litigation

Trustee did not comply with this rule because he "did not file or serve a separate notice, whether in substantial compliance with the official form or otherwise."  Appellant's Br. 12.  The Litigation Trustee contends, and the undersigned agrees, that this argument does not fall within any of the issues included in NexPoint's Statement of Issues.  Thus, for the same reasons explained above regarding the parties' standing arguments, this issue by Appellant was not preserved for appeal. *See In re Highland Capital Mgmt., L.P.*, 57 F.4th at 499-500.

### C.  Federal Rule of Civil Procedure 55

Appellant next argues that the bankruptcy court's January 13, 2022 Order amounted to a default judgment against NexPoint without a hearing, but neither the bankruptcy court nor the Litigation Trustee adhered to the procedural requirements of Rule 55 of the Federal Rules of Civil Procedure applicable to default judgments. Appellant contends that "[v]arious Federal Rules of Civil Procedure, including rule 55, apply in contested matters." Appellant's Br. 11 (citing Fed. R. Bankr. P. 9014(c); and *In re Brunson*, 486 B.R. 759, 768 (Bankr. N.D. Tex. 2013), for the conclusion that Rule 55 applies to claim objections). Appellant, thus, argues that "bare compliance with Local Rules" does end the court's analysis as the Litigation Trustee asserts.  According to Appellant, the court must also analyze whether the Litigation Trustee's and bankruptcy court's "actions leading up to the Default Order complied with the applicable Federal Rules." Appellant's Br. 11.  Appellant further contends that, "to the extent the Local Rules are inconsistent with the Federal Rules, the Local Rules are void," and the Federal Rules govern.  *Id.* (citations omitted).

The Litigation Trustee responds that Rule 55's procedural requirements for default judgments do not apply here, and the cases relied on by Appellant are inapposite in the bankruptcy context involving objections to claims, and they are not binding on the court:

**Memorandum Opinion and Order – Page 9**

As an initial matter, FRCP 55 does not govern here. While entry of an order disallowing a proof of claim may be similar to a default judgment, it is not a default judgment per se. Neither the Local Rules nor the Rules require either the Litigation Trustee or the Bankruptcy Court to follow the procedures set by FRCP 55 to enter the Order in this instance. Instead, the Litigation Trustee and the Bankruptcy Court appropriately utilized and followed the negative notice procedures set forth in the Local Rules. *See In re Davis*, 173 B.R. 124, 126 (Bankr. N.D. Ohio 1994) (rejecting claimant's argument that entry of order disallowing claim after no response to objection was filed was a default judgment, finding FRCP 55 did not apply, "[r]ather, this situation constitutes the Court's procedural response when an objection to a Proof of Claim goes unanswered").

Indeed, courts within this Circuit routinely grant relief requested with negative notice without following the procedural requirements of FRCP 55. *See, e.g., Freewood Grp.* [*v. Park Place Motorcars, Ltd*., No. 3:17-CV-2435-L], 2018 WL 4002475, at *10-11 [N.D. Tex. Aug. 22, 2018]] (affirming order granting motion pursuant to negative notice language without applying FRCP 55); *In re St. Louis*, No. 10-11933-TMD, 2013 WL 4498986, at *2-3 (Bankr. W.D. Tex. Aug. 21, 2013) (noting bankruptcy court granted claims objection served with negative notice after no timely response filed); Order, *Blumberg v. NSSI Liquidating Trust*, No. 3:08-cv-01371 (Docket No. 21) (N.D. Tex.) (affirming order granting claims objection pursuant to negative notice language); *In re Wilkinson*, 457 B.R. 530, 535-36 (Bankr. W.D. Tex. 2011) (similar); *In re Gonzales*, No. 07-53386-C, 2008 WL 2008621, at *1 (Bankr. W.D. Tex. May 7, 2008) (similar).

With the exception of one case discussed *infra*, the authorities NPA relies on in support of each of its FRCP 55-related arguments are outside of this Circuit and apply to motions for default judgment expressly brought under FRCP 55—none analyze proofs of claim or negative notice provisions. *See* NPA Br. 15-19. For example, NPA relies on *Williams v. Smithson*, No. 95-7019, 1995 U.S. App. LEXIS 15168 (10th Cir. 1995) for the proposition that the Order should be reversed because the Litigation Trustee did not request entry of default. NPA Br. 16. But the *Williams* court was not faced with a proof of claim, let alone an objection brought pursuant to negative notice procedures; instead, the plaintiff appealed an order granting a motion to dismiss that was filed after the applicable deadline, arguing the motion should not have been granted because the plaintiff was instead entitled to an automatic default judgment. *Id*. at *2-3. *Williams* is wholly inapposite because it addressed an entirely different situation (procedurally and factually) than that presented here.

The cases NPA relies on to support its argument that its untimely Response bars entry of a default judgment under FRCP 55 are unpersuasive for the same reasons. *See* NPA Br. 16-17 (citing, *e.g., Owens v. US Bank NA*, 1:11-cv-1364-TCB, 2012 U.S. Dist. LEXIS 202753, at *3 (N.D. Ga. Feb. 16, 2012) (answer to complaint filed 15 days late precluded default under FRCP 55); *Gayle v. Thompson*,

11-5202, 2011 Bankr. LEXIS 2734, at *2 (Bankr. N.D. Ga. June 29, 2011) (answer to complaint filed 21 days late precluded default under FRCP 55)). NPA misplaces reliance on *In re Brunson*, 486 B.R. 759 (Bankr. N.D. Tex. 2013) for the proposition that the Order should be reversed for failure to comply with FRCP 55. NPA Br. 18. The *Brunson* court, while noting in dicta the application of the Federal Rules of Procedure to the claims objections at issue in that case, held that it was "not obligated to enter a default judgment disallowing the claim simply because there has been no response filed by the creditor." *Id.* at 768-69. The court based its ruling to not enter a default order on the fact that the objector did not state "a legally sufficient ground for claim disallowance" and overruled the objections "without prejudice to the filing of legally sufficient claim objections." *Id.* at 768-69. This is not the case here, where the Objection provided numerous bases sufficient to grant the claim objection and NPA failed to provide any substantive response.

Appellee's Br. 23-26 (footnotes omitted).

The Litigation Trustee, therefore, asserts that neither he nor the bankruptcy court was required to follow Rule 55's procedural requirements.  In addition, the Litigation Trustee asserts that, although NexPoint argues that the Federal Rules of Civil Procedure govern when there is a conflict between these and the Local Bankruptcy Rules, it fails to articulate how the rules that apply here conflict.  The Litigation Trustee contends that this is not surprising because there is no conflict, as "[n]egative notices are [] authorized by the [Bankruptcy] Code" and Rule 9007.  *Id.* (quoting *In re Pierce*, 435 F.3d 891, 892 (8th Cir. 2006) (interpreting 11 U.S.C. § 502(b) and 11 U.S.C. § 102); and citing *In re Ozcelebi*, 631 B.R. 629, 647 (Bankr. S.D. Tex. 2021)).

In its reply, Appellant continues to assert that Rule 55 applies to claims objections:

Relying on a single, twenty-eight-year-old case from an Ohio bankruptcy court, the Litigation Trustee argues that Federal Rule of Civil Procedure 55 does not apply to claim objections. Trustee Br. 23. But the Litigation Trustee does not dispute that filing a claim objection initiates a contested matter under Federal Rule of Bankruptcy Procedure 9014. *E.g. In re Brunson*, 486 B.R. 759, 768 (Bankr. N.D. Tex. 2013) (citing *In re Taylor*, 132 F.3d 256 (5th Cir. 1998)). And rule 9014 expressly provides that rule 7055 applies in contested matters, which in turn incorporates Federal Rule of Civil Procedure 55. Fed. R. Bankr. P 7055, 9014(c). The plain language of these rules leaves no room for doubt: Rule 55 applies to claim objections. *Cf. Puerto Rico v. Franklin Cal. Tax-Free Trust*, 579 U.S. 115, 125 (2016) ("The plain text of the Bankruptcy Code begins and ends our analysis.").

Appellant's Reply 6-7.

Appellant is correct that Federal Bankruptcy Rule 7055 states that "Fed. R. Civ. P. 55 applies in an adversary proceeding." The court, however, disagrees with NexPoint's characterization of the bankruptcy court's order as being one for default judgment to which Rule 55 applies. Default judgment are typically entered against defaulting *defendants*, not plaintiffs like Mr. Covitz or Nexpoint, who are *claimants* in HCMLP's bankruptcy. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added).

NexPoint's failure to timely respond to the Litigation Trustee's Objection to Mr. Covitz's claim, on the other hand, is more akin to a failure to prosecute under Federal Rule of Civil Procedure 41(b) the claim transferred to it by Mr. Covitz. *See In re Erkelens*, 742 F. App'x 477, 481, 2018 WL 4355889 (11th Cir. 2018) (per curiam) (disagreeing with characterization that bankruptcy court's order dismissing adversary proceeding was a default judgment and concluding that it was a dismissal under Rule 41(b) for failure to appear and prosecute). NexPoint also fails to cite to any legal authority that a hearing was required under the circumstances, whether under Rule 41(b) or Rule 55. Even the commentary to the 2017 Amendment to Federal Bankruptcy Rule 3007 relied on by Appellant states, "[a]s amended, subdivision (a) no longer requires that a hearing be scheduled or held on every objection." The court, therefore, agrees with the Litigation Trustee's argument that Rule 55 is not applicable in this situation, and no hearing on the Objection was required under the circumstances presented in this case. The court also notes that, even if Rule 55 did apply, there is no conflict between Federal Bankruptcy Rule 7055 and Rule 55 on one hand,

and Local Bankruptcy Rule 9007's negative notice requirements on the other hand. Accordingly, neither of these grounds warrants reversing or vacating the bankruptcy court's January 13, 2022 order.

### D.  Local Bankruptcy Rule 9007-1

#### 1.  The Parties' Arguments

Appellant next contends that, even if the Local Bankruptcy Rules, including Local Bankruptcy Rule 9007-1's negative notice procedure, are relevant to the dismissal of its claim, the bankruptcy court erred in affording the Litigation Trustee considerable leniency in concluding that the Objection substantially complied with the negative notice procedure while holding NexPoint's response to a higher strict compliance standard.  In this regard, NexPoint argues that the Litigation Trustee took no action to advance his Objection before its response was filed, whereas it substantially complied with the thirty-day deadline for responding to Objection by filing its response on January 3, 2022, only twenty-five days after the December 9, 2021 response deadline. Appellant asserts that the bankruptcy court should have either applied a strict compliance or substantial compliance standard to both parties' filings, but it, instead, determined that the Litigation Trustee's Objection substantially complied with the Local Rules and, in doing so, denied the "formal, written request for a hearing" in its response "on less than twenty-four-hours' notice." Appellant's Br. 25.

Appellant further asserts that, even if substantial compliance with Local Rule 9007-1 justified the disallowance of its claim, the bankruptcy court erred because the Litigation Trustee's Objection did not substantially comply with Local Rule 9007-1's negative notice procedure because:

- The Objection contained lower-case negative notice language, ROA.667-68, whereas L.B.R. 9007-1(c) mandates all caps.

- L.B.R. 9007-1(c) (emphasis added) provides, "[w]here objections to claims are involved, the first paragraph of the notice shall be modified to provide:

  > NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIM UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT (ADDRESS OF CLERK'S OFFICE) BEFORE CLOSE OF BUSINESS ON (MONTH, DAY, YEAR), WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF.

  But the first paragraph of the Objection's alleged negative notice language differs in form and substance. ROA.667.

- The Objection does not contain the certificate of conference required by L.B.R. 9007-1(f).

- The Trustee never filed the certificate of no objection required by L.B.R. 9007-1(g).

- The Trustee concealed the alleged negative notice language at the end of the Objection, ROA.667, whereas local practice is to include it at the beginning. *See* ROA.474.

Appellant's Br. 21-22.

Appellant contends that, when applying Local Rules to forfeit legitimate claims, courts "should require a higher level of compliance than the Litigation Trustee's half[-]hearted effort" and disregard for "numerous aspects of the Federal and Local Rules." *Id.* at 22. Appellant asserts that, in comparison, its "only demerit was filing [its] Response a mere twenty-five days late." *Id.* Appellant further asserts that, as the Litigation Trustee's Objection did not comply with Local Rule 9007-1's negative notice procedure, it was not required to file a response to the Objection because Local Bankruptcy Rule 9014-1(f) does not require a response absent compliance with Local Bankruptcy Rule 9007-1.

**Memorandum Opinion and Order – Page 14**

The Litigation Trustee counters that the bankruptcy court did not abuse its discretion in disallowing NexPoint's claim because he substantially complied with Local Rule 9007-1. The Litigation Trustee asserts that, unlike the negative notice rules of other courts, Local Rule 9007-1 does not require negative notice language to be in all caps or placed at the beginning. Appellee's Br. 13 (comparing L. Bankr. R. 9007-1(a) & (c) with S.D. Tex. Bankr. R. 3007-1(b) (requiring negative notice language to be bolded and placed immediately below the title of the objection) and M.D. Fla. Bankr. R. 2002-4 (requiring negative notice language to be "prominently displayed on the face of the first page of the paper"). The Litigation Trustee further asserts that no certificate of conference was required, as Local Rule 9007-1(f) makes clear that it applies to "motions." Appellee's Br. 13-14 (quoting L. Bankr. R. 9007-1(f)).

The Litigation Trustee acknowledges that Local Rule 9007-1 requires a certificate of no objection to inform the court "that no objections have been timely served upon the moving party." Appellee's Br. 14 (quoting L. Bankr. R. 9007-1(g)). The Litigation Trustee, however, contends that he notified the bankruptcy court via e-mail after filing his reply that no response to his Objection had been timely filed, and NexPoint fails to point to any authority that failure to file a document titled "certificate of no objection" supports reversal of the bankruptcy court's January 13, 2022 Order. According to the Litigation Trustee, the one case relied on by Appellant, *In re Affiliated Foods*, which involved an order on a motion to quash a subpoena, reinforces his argument that he "complied with the spirit of the law" of Local Rule 9007-1 by notifying the bankruptcy court that no response to his Objection was filed within the thirty-day deadline. Appellee's Br. 14 (quoting *In re Affiliated Foods, Inc.*, 2:21-MC-3-Z, 2021 U.S. Dist. LEXIS 185044 (N.D. Tex. Sept. 28, 2021)). The Litigation Trustee also contends that NexPoint does not argue that it did not receive adequate notice of the Objection.

**Memorandum Opinion and Order – Page 15**

Finally, the Litigation Trustee disagrees with NexPoint's argument that: (1) his substantial compliance with Local Rule 9007-1 did not permit the disallowance of its claim; and (2) its substantial compliance with the Local Rules by filing a response to the Objection twenty-five days late should have precluded the disallowance of its claim. The Litigation Trustee contends that Local Rule 9007 allows bankruptcy courts "to regulate the form and manner in which notice shall be given," and this is what the bankruptcy court did in this case when it found that the Objection substantially complied with the Local Rules. Appellee's Br. 15 (quoting *In re Ozcelebi*, 631 B.R. 629, 647 (Bankr. S.D. Tex. 2021)).

Appellant replies that the instances of noncompliance identified in its brief do not constitute substantial compliance with Local Rule 9007-1, and, given the lack of authority cited by either party addressing what constitutes "substantial compliance," there is no basis to suggest that it waived this argument by failing to cite cases that do not exist. Appellant thus continues to maintain that both the Litigation Trustee and the bankruptcy court failed to adhere to Local Rule 9007-1's negative notice requirements, and, "based on an informal e[-]mail request from the Litigation Trustee, the [b]ankruptcy [c]ourt somehow found 'substantial compliance' and denied NexPoint's formal, written request for a hearing[.]" Appellant's Reply 10-11.

### 2. Arguments Waived

Local Bankruptcy Rule 9014-1(f) provides that: "Objections to claims do not require a written response unless the party filing the objection has used the negative notice procedure set forth in Local Bankruptcy Rule 9007-1." NexPoint's citation to Local Rule 9014-1(f) and conclusory argument in response to the Litigation Trustee's Objection that—"[u]nder the Local Rules, no written response to the Objection is necessary"—was insufficient to put the bankruptcy court on notice of all the reasons it now asserts on appeal that the Objection did not comply with

Local Rule 9007-1's negative notice procedure.  R. 720. The conclusory statement in NexPoint's response that—"out of an abundance of caution, NexPoint files this response solely to indicate its opposition to the Objection"—is similarly insufficient, as NexPoint's response does not set forth any reasons for opposing the Objection.  *Id.* at 721. Likewise, no mention was made below by NexPoint of the reasons it now contends that its untimely response to the Objection substantially complied with the Local Rules.  NexPoint, therefore, waived these arguments, which could have been asserted in responding to the Objection.  *See Arnone v. County of Dallas Cnty., Tex.*, 29 F.4th 262, 268 n.48 (5th Cir. 2022) (explaining that issues raised for the first time on appeal are waived) (citations omitted).  Even if not waived, they still fail for the reasons that follow.

### 3.  Local Bankruptcy Rule 9007-1(c)'s Negative Notice Procedure

The Bankruptcy Code states that, if an "objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as the date of filing the petition." 11 U.S.C. § 502(b). Section 102 of the Bankruptcy Code defines the phrase "after notice and a hearing" to "authorize[ ] an act without an actual hearing if such notice is given properly and if . . . such a hearing is not requested timely by a party in interest." 11 U.S.C. § 102(1). Thus, the Bankruptcy Code does not always require actual hearings and allows such "negative notices" to "shift the burden to an interested party . . . to evaluate [its] claim and the [trustee's] objections, and then make [its] own decision whether an evidentiary hearing would be helpful, and request a hearing, if desired." *In re Pierce*, 435 F.3d 891 (8th Cir. 2006); *see also In re Lumsden*, 242 B.R. 71, 73-74 (Bankr. M.D. Fla. 1999) (denying motion for reconsideration and upholding prior ruling sustaining objection to a claim after claimant was only one day late in responding to negative notice).

Local Rule 9007-1 provides for and authorizes such a negative notice procedure. L. Bankr. R. 9007-1(a) ("Negative Notice Procedure Authorized").  Local Rule 9007-1's negative notice procedure provides that no hearing will be conducted on an objection to a claim unless a written response to the objection is filed within thirty days from the date the objection is served.  L. Bankr. R. 9007-1(c).  Regarding the "Notice of Hearing Requirement" language, Local Rule 9007-1(c) states that "the pleading or notice served shall contain a statement in ***substantially the following form***":

> NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT (ADDRESS OF CLERK'S OFFICE) BEFORE CLOSE OF BUSINESS ON (MONTH) (DAY), (YEAR), WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.
>
> ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

L. Bankr. R. 9007-1(c) (emphasis added).  Local Rule 9007-1(c) further provides that, "**when objections to claims are involved, the first paragraph of the notice shall be modified to provide**" as follows:

> NO HEARING WILL BE CONDUCTED ON THIS OBJECTION TO CLAIM UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT (ADDRESS OF CLERK'S OFFICE) BEFORE CLOSE OF BUSINESS ON (MONTH, DAY, YEAR), WHICH IS AT LEAST 30 DAYS FROM THE DATE OF SERVICE HEREOF.

*Id.* (emphasis added).

Here, the Litigation Trustee's Objection contains a section titled "**RESPONSES TO OBJECTIONS**," which notified that, "[t]o contest an objection, a claimant must file and serve a written response to this Objection . . . so it is received no later than December 9, 2021 ("the Response Deadline"). R. 667. In addition, this section of the Objection states: "If the claimant fails to file and serve a timely Response by the Response Deadline, the Litigation Trustee will present to the [bankruptcy] [c]ourt an appropriate order disallowing the claimant's claim, as set forth in **Exhibit A**, without further notice to the claimant." *Id*. at 668. Exhibit A to the Objection is a proposed "Order Sustaining the Litigation Trustee's Objection to Proof of Claim Filed by Hunter Covitz (Claim No. 186)" and disallowing with prejudice the claim. *Id.* at 673. As correctly noted by the Litigation Trustee, Local Rule 9007-1(c) only requires that negative notice be "substantially" in the form set forth in this section, and NexPoint cites to no binding authority requiring otherwise. Further, Local Rule 9007-1 does not require negative notice language to be in all caps or placed at the beginning. As the Litigation Trustee's Objection includes the key components of the negative notice form language, that is, the deadline for responding to the Objection, the manner in which the response must be filed and served, and the consequences of failing to timely respond—submission of an order disallowing the claim without further notice— the court determines that the bankruptcy court did not err in concluding that the Litigation Trustee's Objection "substantially complied" with Local Rule 9007-1(c)'s negative notice procedure. R. 745.

Further, Appellant does not contend that any alleged deficiency in the form of the negative notice provided by the Litigation Trustee's Objection prevented it from filing its response within the thirty-day deadline. Appellant also offers no explanation for its untimely response and request for hearing, and the legal authority it relies on—to argue that it substantially complied with the

December 9, 2021 response deadline by filing its response twenty-five days after this deadline—does not address the failure of a claimant to timely respond to a filing containing a negative notice in the bankruptcy context.

Two of the cases cited by Appellant involved default judgment practice, which the undersigned has already determined to be irrelevant here. *See* Appellant's Br. (citing *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781 (8th Cir. 1998), for the conclusion that "numerous decisions make clear [that] prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits."); and *cf. Williams v. Smithson*, 95-7019, 1995 U.S. App. LEXIS 15168 (10th Cir. June 20, 1995) (affirming denial of default judgment when answer was filed 48 days late)). Appellant acknowledges through the use of a "*cf*" signal in citing *Williams* that this case is not directly on point, but no explanation is provided as to why *Williams*'s affirmance of the denial of a default judgment is sufficiently analogous to its argument that its response substantially complied with the thirty-day deadline even though it was twenty-five days late. *See id.*

The third case relied upon by Appellant, *Richmond Medical Center For Women v. Herring*, involved a Fourth Circuit appeal of a district court order granting a summary judgment motion in favor of the plaintiffs on their challenge to the constitutionality of an abortion statute. *See* Appellant's Br. 20-21 (citing *Richmond Med. Ctr. for Women v. Herring*, 527 F.3d 128, 167 (4th Cir. 2008), *vacated on reh'g en banc*, 570 F.3d 165 (4th Cir. 2009). Appellant relies on the opinion of a dissenting judge in *Richmond Medical Center For Women*, who expressed the opinion that the district court's decision to strike one party's expert witness "created a double standard and was an abuse of discretion". Dissenting opinions, however, are not binding, and the three-judge panel decision containing the dissenting opinion relied on by Appellant was vacated after a motion to

rehear the case en banc was granted. *See Richmond Med. Ctr. For Women v. Herring*, 570 F.3d 165, 168 (4th Cir. 2009).

Thus, whereas Local Rule 9007-1(c) expressly states that substantial compliance with the negative notice form is sufficient, the cases cited by NexPoint do not support its assertion that the bankruptcy court erred by not evaluating the sufficiency of its response under a similar substantial compliance standard. Moreover, the situation presented is not one involving a "close call" in which a claimant filed its response to an objection a short time after expiration of the response deadline. Even if it were, bankruptcy courts have disallowed claims under similar negative notice procedures when a claim was filed only one day after the response deadline. *See, e.g., In re Lumsden*, 242 B.R. at 73-74. Accordingly, this is not a valid basis for reversing the bankruptcy court's order disallowing NexPoint's claim.

### 4.   Local Bankruptcy Rule 9007-1(f)'s and (g)'s Requirements for Certificates of Conference and Certificates of No Objections

Regarding certificates of conference and certificates of no objections, Local Rule 9007-1(f) and (g) state:

**(f)      Certificate of Conference.**

A certificate of conference indicating whether or not a conference was held prior to filing ***the motion*** is required. The certificate shall indicate the date of conference and the identities of the attorneys conferring, and explain why agreement could not be reached. If a conference was not held, the certificate shall explain why it was not possible or practicable to confer. A conference is not required to be held when it is reasonably anticipated that the number of responding parties may be too numerous to contact prior to filing the motion.

**(g)      Certificate of No Objections.**

If no response and request for a hearing has been timely filed following service of notice in accordance with this rule, the moving party shall file a certificate with the court after the expiration of the applicable notice period stating that no objections have been timely served upon the moving party.

**Memorandum Opinion and Order – Page 21**

L. Bankr. R. 9007-1(f) & (g).

As the Litigation Trustee correctly notes, Local Rule 9007-1(f)'s certificate of conference requirement on its face applies to motions, not objections to claims. The Litigation Trustee's brief also notes, and the appellate record reflects, that counsel for the Litigation Trustee reached out to Mr. Covitz's designated counsel via e-mail on November 2, 2021, in an attempt to obtain some clarification and information regarding the basis for his claim, before the Objection was filed. R. 847-848. Mr. Covitz's designated counsel, however, advised that he no longer represented Mr. Covitz, and he did not know whether he had obtained new counsel. *Id.* at 847. Additionally, it is undisputed that Mr. Covitz did not transfer his claim to NexPoint until January 3, 2022, which was after the date the Litigation Trustee filed his Objection and after the deadline for filing a response to the Objection, so the Litigation Trustee could not have conferred with Mr. Covitz's or NexPoint's counsel under the circumstances even though he attempted to do so with Mr. Covitz's counsel before filing the Objection.

Appellant's contention—that the Litigation Trustee failed to strictly comply with Local Rule 9007-1(g)'s certificate of no objections requirement, and bankruptcy court erred in concluding that the Objection substantially complied with this requirement—similarly exalts form over substance. The record reflects, and Appellant does not dispute, that the Litigation Trustee notified the bankruptcy court by e-mail that no timely response to the Objection had been filed, which accomplishes the objective of this requirement. While Appellant takes issue with the form of the notice, what it refers to as an "informal e[-]mail" to the bankruptcy court, NexPoint was copied on the e-mail and had an opportunity to respond before the bankruptcy court ruled. Had the Litigation Trustee filed a formal certificate of no objections, the bankruptcy court could have

ruled on the Objection under the negative notice procedure and disallowed the claim without giving NexPoint an opportunity to respond or explaining in advance why or how it was ruling on the Objection.  Thus, any contention by NexPoint that the Litigation Trustee's decision to e-mail the bankruptcy court directly instead of filing a certificate of no objections deprived it of adequate notice and opportunity to respond to the Objection is not supported by the record.

Moreover, Appellant incorrectly lumps the Litigation Trustee's alleged noncompliance with Local Rule 9007-1(c)'s negative notice procedure together with his alleged noncompliance with Local Rule 9007-1(f)'s and (g)'s certificate requirements in arguing that the bankruptcy court erred in concluding that he substantially complied in all respects with Rule 9007-1.  The e-mail from the bankruptcy court's staff states only that the Objection "substantially complied with the negative notice procedure" in Local Rule 9007-1(c), and it says nothing about Local Rule 9007-1(f)'s and (g)'s certificate requirements.  R. 745.  Accordingly, this argument by Appellant does not accurately characterize what was conveyed in this e-mail regarding the bankruptcy court's reasoning.

Additionally, even if NexPoint had filed its response to the Objection timely, the bankruptcy court would not have known that NexPoint was taking issue with the Litigation Trustee's alleged failure to comply with the certificate requirements in Local Rule 9007-1(f) and (g) because there was no mention of this in its response, which merely stated that no response was required and that it opposed the Objection for unspecified reasons.  Accordingly, this argument by NexPoint on appeal does not warrant reversing the bankruptcy court's January 13, 2022 Order disallowing its claim.

**E.  The Parties' Burdens With Respect to Claim No. 186 Under the Claim Allowance Procedure**

Finally, based on the following reasoning, Appellant contends that the bankruptcy court erred in disallowing its claim because the Litigation Trustee's Objection failed to satisfy his burden of overcoming the prima facie validity of Mr. Covitz's Proof of Claim by coming forward with substantial evidence to rebut it:

> The Advisory Committee notes to rule 3007 also provide, "while a local rule may require the claimant to respond to the objection to a proof of claim, the court will still need to determine if the claim is valid, even if the claimant does not file a response to a claim objection or request a hearing." Fed. R. Bankr. P. 3007 Advisory Committee Notes. . . .

> "A proof of claim filed in accordance with Bankruptcy Rule 3001 is 'prima facie evidence of the validity and amount of the claim.'" *In re Bryant*, 600 B.R. 533, 535 (Bankr. N.D. Tex. 2019) (quoting Fed. R. Bankr. P. 3001(f)). "This prima facie validity may be rebutted by the objecting party producing evidence 'of a probative force equal to that of the creditor's proof of claim.'" *Id.* at 536-37 (quoting *In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988)). Such evidence must be admissible. *See In re Camp*, 170 B.R. 610, 612-13 (Bankr. N.D. Ohio 1994) ("the Debtors have not provided sufficient admissible evidence to rebut the prima facie validity"); *In re Roberts*, 210 B.R. 325, 331 (Bankr. N.D. Iowa 1997) (debtor failed to rebut prima facie validity by failing to offer admissible evidence); Fed. R. Evid. 1101(a) (providing that the Federal Rules of Evidence "apply to proceedings before . . . United States bankruptcy and magistrate judges").

> According to the Fifth Circuit, "[o]ne objecting to a claim has the burden of presenting a substantial factual basis to overcome the prima facie validity of the proof of claim." *La. First Fin. Group, Inc. v. Al Copeland Enters. (In re Al Copeland Enters.)*, 97-50189, 1998 U.S. App. LEXIS 40043, *4-5 (5th Cir. June 9, 1998) (emphasis added). But the only evidence the Litigation Trustee attached to the Objection are four purported contracts, which he made no attempt to authenticate. ROA.675-718; *see* Fed. R. Evid. 901. He did not, for example, attach an affidavit or declaration. On its face, one of the contracts appears not to have any connection whatsoever to the Claim, as it post-dates the events in question. Compare ROA.663 (noting that Covitz was terminated in March 2021) with ROA.706 (partnership agreement dated August 11, 2021).

> Under the circumstances, the Litigation Trustee has failed to produce substantial evidence sufficient to rebut the Claim's prima facie validity. Nor did the Bankruptcy Court make any findings or conclusions suggesting the Litigation

Trustee had done so. ROA.4-5 (Default Order devoid of findings or conclusions on the merits). The Bankruptcy Court therefore abused its discretion by sustaining the Objection and entering the Default Order.

Appellant's Br. 13-15.

The Litigation Trustee counters that, even assuming that this issue was properly preserved, NexPoint's prima facie validity argument fails because its claim did not enjoy the presumption of prima face validity, as it did not include "enough information to fully determine whether or not a valid claim in the proper amount ha[d] been filed" as required by Federal Bankruptcy Rule 3001. Appellee's Br. 26 (quoting *In re Armstrong*, 320 B.R. 97, 104-05 (N.D. Tex. 2005). Based on *In re Armstrong*, the Litigation Trustee argues that "lack of proper supporting documentation . . . strips [the Claim] of any prima facie validity, requiring the creditor to offer the supporting documentation to carry its burden of proof in the face of an objection." *Id.* at 105.

The Litigation Trustee asserts that, because the claim here was not prima facie valid, Mr. Covitz, or NexPoint as the transferee of the claim, was required to prove the validity of the claim because: (1) NexPoint's claim "not only lacked supporting documentation, but was also vague and failed to provide the Litigation Trustee with enough information to determine the amount or validity of the Claim"; (2) "The Litigation Trustee objected to the Claim on these and additional substantive grounds"; and (3) "The burden then shifted to [Mr.] Covitz to provide such documentation and prove the validity of the Claim." Appellee's Br. 27 (citing *In re 804 Congress L.L.C.*, 529 B.R. 213, 219 (W.D. Tex. 2015); and *In re Tran*, 369 B.R. 312, 318 (S.D. Tex. 2007) (under Fifth Circuit law, when claim "had no presumption of validity, [objector] had no evidentiary burden to overcome in objecting to [the] claim"; instead, "the burden shifted to the creditor to prove the underlying validity of its claim")). The Litigation Trustee contends that, in failing to timely respond to his Objection, NexPoint did not carry its burden of proof to establish the validity

**Memorandum Opinion and Order – Page 25**

of the Proof of Claim. Appellee's Br. 27 (citing *In re Armstrong*, 320 B.R. at 105, 109).  The

Litigation Trustee alternatively contends that, even if the court determines that the claim is prima

facie valid despite its numerous deficiencies, the unrebutted arguments in the Objection overcame

any such presumption.

> Appellant disagrees and continues to maintain that its claim is prima facie valid:

>> The Litigation Trustee cites *In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005), for the proposition that the [c]ourt should not afford NexPoint's Claim prima facia validity due to NexPoint's alleged failure to include supporting documentation. Trustee Br. 10. But the [c]ourt that decided *Armstrong* later disavowed it, calling it "firmly the minority view." *In re Brunson*, 486 B.R. at 772. Instead, the "court [now] adheres to the majority view that a proof of claim may not be disallowed whe[n] the sole basis of objection is the creditor's failure to attach sufficient documentation under Bankruptcy Rule 3001." *Id.* at 773[.]

>> The official proof of claim form itself even provides that "[f]ilers must leave out or redact information that is entitled to privacy on this form or on any attached documents." ROA.731 (emphasis added). It also instructs that, "[i]f the documents are not available, explain in the attachment." *Id*. Those caveats on the official form apply here, as the claim itself demonstrates: "Documents supporting this Claim (i) are in the possession of the Debtor; (ii) are too voluminous [to] attach hereto; and (iii) contain personal confidential information of the Claimant." ROA.740.

Appellant's Reply 9.  Appellant also contends that the Litigation Trustee's Objection was not

sufficient to overcome the prima facie validity of the Proof of Claim, and his arguments regarding

the sufficiency of the Objection "make no sense" because "for example, one of the contracts on

which the Objection relies post-dates the events giving rise to the Claim," and "the Litigation

Trustee has never explained why a contract that did not exist during [Mr.] Covitz's employment

should govern his employment-based claim."  *Id.* at 10 (citations to record omitted).  Appellant,

therefore, contends that the Litigation Trustee failed to present "a substantial factual basis to

overcome the prima facie validity of the proof of claim" filed by Mr. Covitz.  *Id.* (quoting *In re Al

Copeland Enters.*, 97-50189, 1998 U.S. App. LEXIS 40043, *4-5 (5th Cir. June 9, 1998)).

The claim allowance process is generally triggered by a creditor's filing a proof of claim in a bankruptcy case. *See* 11 U.S.C. § 501. Regarding the form and content of a proof of claim, Federal Bankruptcy Rule 3001(a) provides that "[a] proof of claim is a written statement setting forth a creditor's claim" that "shall conform substantially to the appropriate Official Form." Federal Bankruptcy Rule 3001 sets forth different requirements depending on the type of claim asserted. For example, for claims "based on a writing," Federal Bankruptcy Rule 3001(c) states that "the original or a duplicate shall be filed with the proof of claim," and, "[i]f the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." "Hence, the burden of persuasion under the bankruptcy claims procedure always lies with the claimant, who must comply with Bankruptcy Rule 3001 by alleging facts in the proof of claim that are sufficient to support the claim." *In re Kessler-Muse*, No. 22-40123, 2023 WL 6284546, at *4 (Bankr. E.D. Tex. Sept. 26, 2023).

When a claimant executes and files a proof of claim in accordance with Federal Bankruptcy Rule 3001 and Official Form 410 for Proofs of Claims ("Form 410"), the proof of claim constitutes prima facie evidence of the validity and amount of that claim, Fed. R. Bankr. P. 3001(f), and it is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a). "A proof of claim, however, does not qualify for that prima facie evidentiary effect if it is not executed and filed in accordance with the Bankruptcy Rules." *In re Healey*, No. 15-60471, 2017 WL 4863014, at *2 (Bankr. E.D. Tex. Oct. 26, 2017) (citing *In re Circle J Dairy, Inc.*, 112 B.R. 297, 300 (W.D. Ark. 1989)); *In re Gurley*, 311 B.R. 910, 915-16 (Bankr. M.D. Fla. 2001) ("A claim is not entitled to be considered as prima facie evidentiary proof when such a claim is based upon a writing and the claimant fails to attach the original or a duplicate writing, or, if the writing is lost or destroyed, the

claimant fails to supply an explanation of the loss or destruction." (citing Fed. R. Bankr. P. Rule 3001(c) (other citations omitted)).

The failure of a claimant "to allege sufficient facts in the proof of claim that are sufficient to support the claim," for example, "by failing to attach sufficient documentation to comply with Fed. R. Bankr. P. 3001(c)," however, does not result in the claim automatically being disallowed. *In re Healey*, 2017 WL 4863014, at *2 n.11 (citation omitted). Instead, the claim "is merely deprived of any prima facie validity [that] it could otherwise have obtained," *id.*, such that the claimant cannot rely solely on its proof of claim and must come forward with evidence establishing its right to payment from the debtor. *In re Leverett*, 378 B.R. 792 (Bankr. E.D. Texas. Dec. 5, 2007). Only when the claimant satisfies the requirements of Federal Bankruptcy Rule 3001 does the burden of coming forward with the evidence "shift[] to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim," . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *In re Kessler-Muse*, 2023 WL 6284546, at *4 (citing *In re Lundell*, 223 F.3d 1035, 1041 (9th Cir. 2000); and *In re Reilly*, 245 B.R. 768, 773 (B.A.P. 2nd Cir. 2000)).

Here, Mr. Covitz executed two Form 410s. Both of these Form 410s state:

> Filers must leave out or redact information that is entitled to privacy on this form or any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. . . . If the documents are not available, explain in an attachment.

R. 731, 735. In response to Question No. 8 in one of the official forms—"What is the basis of the claim? Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claims required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such

as health care information"— Mr. Covitz merely responded: "Employment—see attached."  R. 732.  The Electronic Claim Filing Summary for this proof of claim form indicates that the claimant "Has Supporting Documentation," and "supporting documentation [has been] successfully uploaded."  R. 734.  The only document submitted in support of this Form 410, however, is a document titled "Attachment to Proof of Claim," a document prepared by Mr. Covitz's former counsel that summarizes at a high level the basis of the claims—compensation and indemnification arising from Mr. Covitz's employment with the Debtor.  R. 738.

In the second Form 410, Mr. Covitz responded similarly to Question No. 8, indicating only that the basis or bases for his claim was "Employment (see attached)."  R. 736.  In response to Question No. 9—"Is all or part of the claim secured?"—he responded "No" and indicated that the "Nature of property" was "Other," but in describing the nature of property as required by the form, he merely responded: "SEE ATTACHED."  R. 736. Although he had indicated that the claim was not secured, he then proceeded to describe the "Basis for perfection" in responding to the same question by merely stating: "SEE ATTACHED." This same question directs claimants to "[a]ttach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage lien, certificate of title, financing statement, or tother document that shows the lien has been filed or recorded)," but, as noted, the only document submitted in support of both forms was the "Attachment to Proof of Claim." R. 738.

As indicated, NexPoint acknowledges that Mr. Covitz did not attach documentation as required by Bankruptcy Rule 3001(c) but, nevertheless, argues that his Proof of Claim satisfies the alternative option under Bankruptcy Rule 3001(c) as a result of the inclusion of the following language in the Attachment: "Documents supporting this Claim (i) are in the possession of the Debtor; (ii) are too voluminous [to] attach hereto; and (iii) contain personal confidential

**Memorandum Opinion and Order – Page 29**

information of the Claimant." Appellant's Reply 9 (quoting R. 740). NexPoint contends that this same language also comports with Form 410's requirement that "[f]ilers must *leave out* or redact information that is entitled to privacy on this form *or on any attached documents*." Appellant's Reply (quoting R. 731) (emphasis added by Appellant). This statement in the Attachment pertains to Mr. Covitz's claim for indemnification. R. 740. The Attachment also states: "Documents supporting this Claim contain personal confidential information of Claimant."  R. 739. This statement was made in connection with Mr. Covitz's claim for compensation.

The foregoing conclusory statements in the Form 410 executed by Mr. Covitz and Attachment, however, do not comply with Bankruptcy Rule 3001(c)'s or Form 410's requirements for filing proofs of claims. NexPoint correctly notes that Form 410 advises against the inclusion of private information in Form 410 and any attached documents, but this is not an exception and does not excuse a claimant from submitting documentation supporting a claim.  Instead, Form 410 makes clear that "[f]ilers must leave out ***or redact*** *information* that is entitled to privacy on this form or any attached documents" and "***[a]ttach*** ***redacted*** ***copies of any documents that support the claim***."  R. 731, 735.  Form 410 further states that, "***[i]f the documents are not available, explain in an attachment.***"  *Id.*  Federal Bankruptcy Rule 3001(c) also states that, "[i]f the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim."

Documents supporting Mr. Covitz's claim for compensation and indemnification were not attached to the Form 410s or the Attachment in either unredacted or redacted form.  While Form 410 and Federal Bankruptcy Rule 3001(c) contemplate situations in which supporting documentation might be unavailable, lost, or destroyed, the statement in the Attachment that "[d]ocuments supporting this Claim [for indemnification] . . . are in the possession of the Debtor"

is insufficient to show that supporting documentation is unavailable, lost, or destroyed and, thus, did not relieve Mr. Covitz from submitting such documentation in support of his Proof of Claim for indemnification. Further, it is evident from the Attachment that documentation supporting Mr. Covitz's claims for compensation and indemnification was not unavailable, lost, or destroyed, as the Attachment also indicates that these documents would be provided to counsel for the Debtor upon "written request." R. 739-40.

Additionally, the statement in the Attachment that "Documents supporting this Claim . . . are too voluminous [to] attach hereto"[3] is insufficient, as it is conclusory, and NexPoint does not cite to any legal authority to show that conclusory statements such as this regarding voluminosity relieve a claimant from complying with  Bankruptcy Rule 3001(c)'s and Form 410's documentation requirements. The Litigation Trustee's attachment of HCMLP's Fifth Amended and Restated Agreement of Limited Partnership that is approximately 10 pages in length also undermines any assertion by Appellant that the Fourth Amended and Restated Agreement of Limited Partnership of HCMLP referenced in the Attachment was too voluminous to attach to Mr. Covitz's Proof of Claim.  The reference to HCMLP's Fourth Amended and Restated Agreement of Limited Partnership also undercuts any assertion that the documentation supporting the Proof of Claim contained private information of Mr. Covitz that precluded the submission of this document.

The Attachment references bases for Mr. Covitz's compensation and indemnifications other than the Fourth Amended and Restated Agreement of Limited Partnership of HCMLP.  These bases, however, are similarly conclusory and vague.  As indicated, the Form 410s both state that

---

[3] Appellant's Reply 9 (quoting R. 740).

**Memorandum Opinion and Order – Page 31**

Mr. Covitz's "Employment" is the basis for his claim(s), and both refer to the Attachment.  The

Attachment, however, does not provide any more insight as to why Mr. Covitz's employment with

HCMCP entitles him to the relief sought.  The Attachment merely states with respect to both of

Mr. Covitz's claims for compensation and indemnification that "Claimant is an employee of the

Debtor."  R. 738-39.

The Attachment also summarizes the types of compensation and indemnification claimed

to be owed to Mr. Covitz. In this regard, the Attachment states:

> 3.      . . . Claimant is owed compensation for his services, including . . .
> (1) all salaries and wages; benefits, (ii) bonuses (including performance bonuses,
> retention bonuses, and similar awards), (iii) vacation and paid time off, and (iv)
> retirement contributions, pensions, and deferred compensation. The amount of the
> Claim for such compensation includes both liquidated and unliquidated amounts.
> Furthermore, such claims may be in the form of stock, including stock of entities
> other than the Debtor, or the cash equivalent thereof to be paid or caused to be paid
> by the Debtor to Claimant, including dividends that continue to accrue on such
> stock. . . .

> 4.      In addition to the foregoing, Claimant is entitled to reimbursement
> for travel and other business related expenses incurred in connection with
> performing any services to which the Claimant is entitled. Claimant previously
> provided or will provide to the Debtor details with respect to the amount of
> reimbursement that is owed.

> 5.      . . . Claimant is entitled to indemnification, including, without
> limitation, for all acts performed or omitted to be performed on behalf of or in
> connection with the Debtor's business. As part of the Claim for indemnification,
> Claimant is entitled to, among other things, contribution, reimbursement,
> advancement, or other payments, including for damages, costs, and expenses,
> related thereto. The Claim for indemnification included both liquidated and
> unliquidated amounts, including, without limitation, attorneys' fees and expenses
> that continue to accrue. Among other things, the Claim for indemnification included
> but is not limited to, indemnification for all claims, liabilities, damages, losses, fees,
> expenses, and costs related to the following matters (the "Indemnified Matters"):
> *Acis Capital Management, L.P., Acis Capital Management, GP, LLC, Reorganized
> Debtors v. James Dondero, Frank Waterhouse, Scott Ellington, Hunter Covitz,
> Isaac Leventon, Jean Paul Sevilla, Thomas Surgent, Grant Scott, Heather Bestwick,
> William Scott, and CLO Holdco, Ltd*., Case No. 20-03060, pending in the
> Bankruptcy Court.

> 6.    The Claim Amount in Part 2, Question 7 of Form 410 attached hereto does not include any amount of alleged damages claimed in Indemnified Matters. Claimant reserves the right to amend, supplement, or modify the Claim to include alleged damages amounts.
>
> 7.    In addition to the foregoing, Claim is entitled to the benefits of the Debtor's directors' and officers' insurance programs and any other insurance policies that provide coverage for Claimant.

R. 739-40.

This summary of the types of compensation and indemnification claimed by Mr. Covitz, however, does not provide any information from which the Litigation Trustee could verify the validity or the amount of the claims. Similarly, the statement in the Attachment that the claim for indemnification is based on "applicable law, the Debtor's organizational documents, contracts, agreements, arrangements, and corporate employee policies," including HCMLP's Fourth Amended and Restated Agreement of Limited Partnership, is far too vague in the absence of supporting documentation, and no bases for the claim for compensation are identified in the Attachment. R. 740. Accordingly, Mr. Covitz's Proof of Claim, which comprises of two Form 410s and the Attachment, does not satisfy Form 410's or Federal Bankruptcy Rule 3001's requirements. The court, therefore, agrees with the Litigation Trustee that Mr. Covitz's Proof of Claim did not enjoy prima facie validity and was insufficient to shift the evidentiary burden to the Litigation Trustee in objecting to the Proof of Claim.

Even so, Mr. Covitz or NexPoint could have still come forward with evidence in support of the Proof of Claim in response to the Objection. NexPoint, instead, chose to stand on Mr. Covitz's Proof of Claim and took the position that it had no obligation to respond to the Objection. Moreover, while NexPoint ultimately filed a response to the Objection twenty-five days after the response deadline, the response merely noted in conclusory fashion its "opposition to the

Objection." R. 721. The response also included a request for a hearing, but it contained no justification for the bankruptcy court to disregard the negative notice procedure and consider the untimely response and hearing request.

From this course of events, Appellant argues that the bankruptcy court must have improperly disallowed its claim as a result of its failure to comply with Federal Bankruptcy Rule 3001's procedural requirements.  The Litigation Trustee did object to the Proof of Claim on the ground that it was "vague and does not provide sufficient information or accompanying documentation . . . to determine its amount or validity." R. 664. The Litigation Trustee also denied that the Debtor was in possession of documents supporting Mr. Covitz's claim, and alleged that "no liability for the Claim appears on HCMLP's books and records."  *Id.*  The Litigation Trustee, though, also urged substantive objections to the claim pursuant to 11 U.S.C. § 502(b)-(e)  R. 660-61, 664-68.  Although not required to do so, the Litigation Trustee also attached documentation to support the Objection. R. 672-718.  Further, the bankruptcy court's January 13, 2022 Order does not indicate that the Proof of Claim was disallowed for failure to comply with Federal Bankruptcy Rule 3001.  Accordingly, even assuming Appellant preserved this argument, it does not warrant reversal of the bankruptcy court's order.

## IV.    Conclusion

For all of reasons explained, the court **affirms** the bankruptcy court's January 13, 2022 Order Sustaining the Litigation Trustee's Objection to Proof of Claim Filed by Hunter Covitz (Claim No. 186); and **dismisses with prejudice** this appeal by Appellant.  Pursuant to Federal Bankruptcy Rule 8016, the court **directs** the clerk of court to prepare, sign, and enter judgment upon receipt of and in accordance with this memorandum opinion and order with all reasonable and allowable costs taxed against Appellant.

**It is so ordered** this 28th day of June, 2024.


Sam A. Lindsay
United States District Judge